Clara DEGNER, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 14037.

United States Court of Appeals
Seventh Circuit.

May 28, 1963.

Rehearing Denied June 10, 1963.

Clara Degner, pro se.

James P. O'Brien, U. S. Atty., Frederick E. McLendon, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Clara Degner, brought this action in the United States District Court to review the decision of the Secretary of Health, Education and Welfare, that plaintiff was not entitled to a period of disability under the Social Security Act, § 216(i) [42 U.S.C. § 416(i)] which provides in § 216(i) (1) that:

"[T]he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *."

Under 42 U.S.C. § 405(g) the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

As the District Judge stated:

"The issue is whether there is substantial evidence in the record to support the findings and conclusions * * * that plaintiff is physically able to do work which does not involve prolonged sitting, standing or heavy lifting and is thus able to engage in substantial gainful activity although she cannot perform the work she had previously done."

He concluded from his review of the record that there was substantial evidence supporting the findings, and he, therefore, sustained the defendant's motion for summary judgment. Plaintiff's appeal followed.

Plaintiff contends here, as she did in the District Court, that the transcript inaccurately presented the testimony at her hearing before the referee-hearing officer, whose decision became "final" when the Appeals Council of the Social Security Administration, Department of Health, Education and Welfare, denied plaintiff's request for review.

The transcript of the record has been certified by the Chairman of the Appeals Council to be a full and accurate transcription of the entire record relating to plaintiff's claim for benefits.

■ The axiomatic presumption of regularity of official acts would support the District Judge's evident conclusion that the transcript herein was properly prepared. U. S. v. Chemical Foundation, Inc., 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131 (1926). We have, nevertheless, carefully considered the oral and briefed arguments of plaintiff who appeared before us pro se, with reference to this as well as to other points urged by her. Some of her charges of inaccuracy in the transcript appear to be the result of misunderstanding. For example, plaintiff states in her brief:

"I worked about twenty years as a beauty operator. Not eight years like it is written in the referee's decision. I can prove that."

The application to establish disability, photostat of which is before us, asks under item 12(a) thereof:

"Starting 3 years before the date shown in question 6, [May, 1948] give the following information about any work you have done up to the present time."

to which plaintiff answered:

| Name and Address of Employer | Dates of Employment | Hours and Earnings | Give the Title of Your Job and Describe the Duties You Performed |
|---|---|---|---|
| [1] Ben Smith 3245 Broadway | Work Began Month Year 1940 | Average Hours Worked a Week 36 | Beauty Operator— Shampoo, Dyeing, permanents, set hair |
| Chicago, Ill. D/B/A Melrose Beauty Shop | Work Ended Month Year 5 — 1948 | Average Weekly Earnings $35 | everything in the line of a beauty shop. |

———◆———

■ There was conflict in the evidence. Plaintiff had the burden of proving that she met the requirements for eligibility under § 416(i): that she had a medically determinable physical or mental impairment which could be expected to result in death or be of long continued and indefinite duration, that she has an inability to engage in any substantial gainful activity, which exist-

ed by reason of the impairment, on March 31, 1953, the last day she met the earnings requirements for coverage, and which continued through May 9, 1957, when she filed her application. Pollak v. Ribicoff, 2 Cir., 1962, 300 F.2d 674, 677. The District Judge was not at liberty to make his own appraisal of the evidence; nor is this Court. We may review the record only to determine whether it contained substantial evidence to support the Secretary's decision. Rosewall v. Folsom, 7 Cir., 1957, 239 F.2d 724, 728.

Even if we credited plaintiff's versions of the testimony and documentary evidence, we would still have to conclude that there was substantial evidence in the record to support the Secretary's findings and the inferences which he drew therefrom. The decision of the District Court must be affirmed.

Affirmed.