Charlie J. MOON, Plaintiff-Appellee,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 14682.

United States Court of Appeals Seventh Circuit.

Jan. 29, 1965.

---

Sherman L. Cohn, Harvey Zuckman, Dept. of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., for appellant.

Theodore E. Diaz, Armbruster & Diaz, Thomas & Mottaz, Alton, Ill., for plaintiff-appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from a district court order which set aside an administrative

decision by the Secretary of Health, Education and Welfare denying plaintiff Charlie J. Moon disability benefits under the Social Security Act. Plaintiff brought the instant action pursuant to section 205(g) of the act, 42 U.S.C. § 405 (g) as amended.

The question presented both to the district court and to us is whether there was substantial evidence in the administrative record to support the decision of the Secretary. The Secretary held that plaintiff had suffered no impairments of such severity and irremediability as would preclude him from engaging in any substantial gainful activity. We are of the opinion that the district court erred in concluding that the record does not support the Secretary's decision.

■ To be entitled to disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, an applicant must show an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration. Degner v. Celebrezze, 317 F.2d 819 (7th Cir. 1963). The question is whether plaintiff met this requirement. The day on which he applied for benefits, October 20, 1959, was the critical date because the statute requires that the claimant be suffering from the disability at the time of application.

The evidence submitted to the Secretary included the following factual information and testimony. Moon, a resident of Alton, Illinois, was fifty years old at the time he applied for disability benefits. For eight preceding years he had worked as a pipefitter and insulator for Western Cartridge Company. In his application, Moon stated that his impairment was bursitis in the knees and back and that he became unable to work in April, 1959. Plaintiff testified before the hearing examiner that from June, 1958 until April, 1959 he was not really able to work but continued on his job; that since quitting his job he has had constant pain on mo-

tion in both knees and back; and that he cannot stand and sometimes falls because his legs are weak.

A number of medical reports were submitted to the examiner; and plaintiff's personal physician, Dr. Louis H. Hayes, testified at the hearing. Dr. Hayes said that, in addition to having chronic arthritis of the lumbar spine, bursitis, and arthritis of both knees, his patient suffered from a mental condition in the form of a delusion of persecution with neurotic tendencies. The latter condition was first noted by Dr. Hayes in 1961. Other medical evidence indicated that plaintiff has had a continuing orthopedic condition affecting the spine and knees, together with a bursitis and synovitis of the knees. No objective pathological findings were made about the condition of his ankles despite plaintiff's subjective complaint. X-rays showed a minimal arthritic change in the knee indicating a mild osteoarthritis and also a minimal arthritis of the spine. One doctor said that plaintiff could do very little walking or standing and that he had limitation of motion of knees, hips, and back. Other doctors disagreed with the diagnosis, one saying that plaintiff had no orthopedic disability and another that plaintiff was an "invalid by choice" and that the plaintiff's limp, caused by a shortened leg, could be remedied by a shoe lift. This doctor concluded that plaintiff is "extremely disabled from disuse." The bursitis condition of the knees was treated by plaintiff's physicians by ingestion and injection of certain drugs in late 1958 and early 1959. A medical examination in March, 1960, however, showed no evidence of swelling or disabling irregularities about the knee joints. The psychiatrist examined plaintiff in April, 1960. His diagnosis was psychoneurosis. He said that plaintiff was "very hypochondriacal and circumstantial with a tendency to over-evaluate much of his physical findings, especially in regard to his lower extremities."

Plaintiff's superintendent at Western Cartridge said Moon was a good worker and was forced to quit work because of

his physical condition. Other lay testimony indicated that a neighbor helped him with some chores around the house, heard him complain about not being able to work, and noticed that he limps and has difficulty walking.

Plaintiff testified that in September, 1960 an insurance company paid him $5,000 on a policy because of disability; that he cannot walk a block; that he does no work about the house; and that he is very unhappy because he has worked all his life and thinks he is slipping physically.

Two doctors recommended both physical and psychological rehabilitation. Plaintiff testified that the Illinois Vocational Rehabilitation office told him that he could not be rehabilitated. No evidence, however, was submitted to show under what circumstances he visited that office or the reasons given for its conclusion.

The hearing examiner filed a lengthy report in which he reviewed the evidence and evaluated it. After indicating that plaintiff related his disability primarily to his knee and back complaints, the hearing examiner concluded that the weight of the medical evidence failed to establish that plaintiff's condition was as severe as claimed or that these conditions (minimal osteoarthritis in right knee and lumbar spine, shortening of leg, and bursitis) resulted in severe limitation of motion or severe weakness of the back or lower extremities.

The examiner further concluded that though plaintiff could not engage in arduous manual labor requiring prolonged standing, walking, lifting, and climbing, he could perform light or sedentary work. As to plaintiff's mental condition, the examiner concluded that the evidence failed to show a severe mental impairment.

The Appeals Council of the Social Security Administration affirmed the hearing examiner in a considered opinion in which it reviewed the evidence in the light of the examiner's conclusions. After discussing the medical evidence, the Appeals Council concluded that plaintiff's condition was largely subjective and that his complaints, lacking credibility and evidentiary support, could be granted only limited weight in an evaluation of medically determinable disability.

The Appeals Council said that it had taken into account plaintiff's prolonged and consistent record of manual work prior to 1959, as well as the statement of his former superintendent. Further, it discussed the weight that should be given to the fact that plaintiff had been paid disability benefits under an insurance policy. Nonetheless, the Appeals Council said that plaintiff's ailments barred him only from employment which would require lifting and carrying heavy objects or an extraordinary amount of walking or standing. The Appeals Council also said that plaintiff had the capacity to engage at least in lighter manual labor and that considering his vocational training and background, he was able to work as a pipe coverer, pipe cutter, or metal benchworker. In arriving at this determination, the Appeals Council considered the physical requirements for these jobs as outlined in two governmental publications.

■■ It was proper for the Appeals Council to consider these texts under the provisions of section 7(d) of the Administrative Procedure Act, 5 U.S.C. § 1006 (d), which specifically sanctions administrative notice of material outside the record so long as parties to the administrative proceeding are, "on timely request," afforded an opportunity to rebut the information noticed. Plaintiff did not make a request for rebuttal after he received the Appeals Council's decision together with an invitation to question it at the nearest office of the Social Security Administration. He thus waived any right he might have had to challenge the use to which the publications were put by the Appeals Council.

**930**

■ We must apply the rule governing judicial review that the courts are limited to a determination of whether the record as a whole contains substantial evidence which supports the administrative decision. They may not resolve conflicts in the evidence. They may not decide questions of credibility. The Secretary's ultimate factual determinations stand if they are supported by such relevant evidence, when considered in the context of the entire record, as a reasonable mind might accept as adequate to support a conclusion. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Degner v. Celebrezze, 317 F.2d 819 (7th Cir. 1964); Jones v. Celebrezze, 331 F.2d 226 (7th Cir. 1964).

■ Weighing the evidence by this standard, we hold that the Secretary's decision should not have been set aside. A different conclusion might be warranted if we considered only plaintiff's lengthy work record, his subjective complaints, and selected portions of the medical evidence; but the record also contains objective medical findings showing minimal pathology which in no manner was commensurate with plaintiff's subjective ailments. In this regard it must be remembered that the statute speaks of a *medically* determinable impairment.

■ When the record as a whole will support equivocal but reasonable determinations, neither the district court nor this court may make a redetermination to comport with our own views of the case. If we were to do so, we would be assuming the role of a superagency rather than providing a check against unreasonable and arbitrary results.

■ At first blush, it would seem important that an insurance company paid a policy on the basis that plaintiff had become disabled. Upon reflection this factor becomes less crucial. Although it was entitled to weight insofar as it was supported by objective medical evidence, necessarily it was not conclusive. To make it so would abrogate the function and responsibility of the Secretary.

The district court's order is reversed.