Mabel H. HOMM, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

No. 16145-1.

United States District Court
W. D. Missouri, W. D.

May 8, 1967.

Gene P. Graham, Graham, Paden & Welch, Independence, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM OPINION

JOHN W. OLIVER, District Judge.

Plaintiff seeks review of a final decision of the Secretary of Health, Education and Welfare, denying her application for disability insurance benefits. The Hearing Examiner denied the claim; the Appeals Council affirmed. The case pends on defendant's motion for summary judgment. Under Section 405(g), Title 42, United States Code, we must affirm if there is substantial evidence to support the Secretary's decision.

### I.

This is the third Social Security disability case recently reviewed by this Court in which application of particular regulations promulgated by the Secretary has necessitated either the outright reversal of a final decision of the Secretary or an order of remand for further proceedings consistent with applicable federal statutes. In Pollard v. Gardner, 267 F.Supp. 890, Chief Judge Becker on April 14, 1967 reversed and granted plaintiff's motion for summary judgment. In Underwood v. Gardner, Secretary, 267 F.Supp. 802, this Court on May 4, 1967 reversed and granted plaintiff's motion for summary judgment. In this case we must reverse the Secretary's decision and remand the case for further appropriate proceedings for reasons we shall state in detail.

### II.

The pertinent factual situation may be stated with terseness. The Hearing Examiner recognized that he had before him a case in which "the claimant alleged she has difficulty holding objects in her left hand, drops with her left hand, and has pain in the low back and right leg from time to time." (Tr. 7). The manner in which the Hearing Examiner treated the question of plaintiff's allegations of pain is the focal question presented by this case.

The hearing examiner's separation of plaintiff's impairment as evidenced by objective symptoms from that evidenced by subjective symptoms was highlighted in his summary of the medical evidence. He summarized the objective findings as follows:

> Physical examination revealed a normal range of motion of the cervical spine with no muscle spasm. Examination of the extremities revealed no limitation of motion, no atrophy and no reflex change. Examination of the lower extremity revealed some numbness on the outside of the right foot and a slightly decreased ankle jerk on the right side. [Tr. 7–8].

The hearing examiner's understanding of the applicable law is established by the following restrictive statement:

> A primary requirement of the Social Security Act is that the impairment be "medically determinable," that is, the existence of a condition must be established by objective medical, clinical, or laboratory evidence, [See 20 CFR 1510(a).] General conclusions or naked medical diagnoses are insufficient. [Tr. 10].

The hearing examiner's refusal to recognize the existence of and to determine the factual question of whether

plaintiff's pain was real or feigned, and his reliance upon the untenable notion that plaintiff's pain could not legally be considered to be real unless supported by objective evidence of organic pathology is made apparent from the following:

The record reveals that the claimant's principal difficulty is her neck and lower back pain. However, there is no medical evidence of record to show any organic pathology of sufficient severity to account for the allegedly severe pain, which the claimant claimed she experiences. There is some conflict in the medical conclusions, which are necessarily based to a large extent on subjective complaints. The objective findings, however, of the better medical evidence show that there is no severe joint or back pathology. Nor are there any objective medical findings to account for the claimant's allegations of severe neck and back pain, and weakness of the musculo-skeletal system. [Tr. 11].

We recognize that the hearing examiner quoted a portion of a report of an orthopedic specialist that it was his "feeling [that] there is a great element of exaggeration in all of her [plaintiff's] complaints" [Tr. 12]. Nor have we overlooked the fact that the hearing examiner stated in passing that he agreed with "the specialist's conclusion that * * * there is some element of exaggeration in all the claimant's complaints" [Tr. 14].

It is apparent from the hearing examiner's formal findings, however, that he did not base his decision denying plaintiff's claim on a rejection of plaintiff's evidence concerning the extent of her pain or upon the resolution of any conflict in what he considered to be evidence. The hearing examiner concluded as a matter of law that he was not required to reach that factual question because he determined that plaintiff's evidence concerning her pain could not be considered by him because that evidence was based on subjective complaints alone and was not supported by any objective findings. This is made clear in that portion of the hearing examiner's decision in which he stated the following:

The Hearing Examiner is not unaware of the fact that the claimant stated she has severe pain and weakness which allegation has some support from her own physicians. However, the contents of the reports of these physicians indicate that their conclusions are based primarily on subjective complaints, without any objective findings to substantiate significant pathology. The Hearing Examiner is persuaded by the better medical evidence in this case and the conclusion of the board-qualified orthopedic surgeon whose opinion is in substantial agreement with the objective medical findings. In sum, the objective medical evidence of record establishes only minimal pathology which in no manner is commensurate with the claimant's subjective ailments. "In this regard it must be remembered that the statute speaks of *medically* determinable impairment," Moon v. Celebrezze, 340 F. 2d 926; U.S.Ct.App. 7th Cir. (January 29, 1965).

Accordingly, the Hearing Examiner is unable on this record to conclude that the claimant has had a severely disabling impairment or impairments. Although she may have been somewhat restricted in her activities because of her handicap, there is no objective medical evidence indicating a serious functional loss, muscle weakness, deformity, or other severe pathology to account for a significant incapacity for ambulating, sitting, or handling objects. She may be unable to engage in work requiring prolonged or arduous sustained physical activity, but her overall physical ability is not so seriously affected as to make her unable to engage in substantial work. [Tr. 14].

It is also apparent from the face of the hearing examiner's decision that the rationale of that decision was based upon his reading of Section 1510(a) of the Regulations [Tr. 10] and upon his

reading out of context a sentence quoted from Moon v. Celebrezze, (7 Cir. 1965) 340 F.2d 926 [Tr. 14]. The reasons why the Secretary may not deny liability on such a theory are discussed in the next section of this memorandum opinion.

### III.

Section 404.1510 of the Regulations reads as follows:

(a) In order to establish that a medically determinable physical or mental impairment (see § 404.1501(a) or (b) (1)) is present there should be evidence that medically discernible anatomical, physiological, biochemical or psychological aberrations exist. Allegations of inability to work as a result of impairment such as dyspnea (shortness of breath), pain, lack of musculo-skeletal function, decreased vision or hearing, decreased memory, etc., should be shown to result from structural, physiological or psychological changes which can be indentified by the use of clinical and laboratory diagnostic techniques. An alleged impairment is medically determinable only if it can be verified by the use of clinical and laboratory diagnostic techniques. [20 CFR § 404.1510(a)].

We do not know whether hearing examiners are generally required to operate under express instructions or whether they operate generally under an uninformed impression that the federal Social Security statutes enacted by the Congress, as distinguished from the Regulations promulgated by the Secretary, provide "stringent criteria" for the determination of disability. Compare Lambert v. Celebrezze, (4th Cir. 1966) 361 F.2d 677 at 678.

█ Fairness to the hearing examiner in this case requires recognition of the fact that Section 404.1510(a) does flatly purport to state that "allegations of inability to work as a result of impairment such as * * * pain * * * is medically determinable only if it can be verified by the use of clinical and laboratory diagnostic techniques." Perhaps the va-

lidity of such a regulation could be sustained if one understands, as the hearing examiner in this case obviously did not understand, that the recognition, assessment, and evaluation of subjective complaints of pain are integral parts of a proper clinical diagnosis.

Failure to understand and failure to give that language such a meaning produces the inevitable result that the presence of actual pain is effectively eliminated as a cause or a significant factor in the evaluation of physical or mental impairment by administrative fiat.

█ In both the recent cases of *Pollard* and *Underwood,* this Court applied the teaching of Marion v. Gardner, (8th Cir. 1966) 359 F.2d 175. That case establishes that if the Secretary's regulation is more restrictive than the standards provided by the federal statute, the regulation is void. *Pollard* considered Section 404.1513 of the Regulations; both *Marion* and *Underwood* considered Section 404.1519(c) (2) (iii). This case considers Section 404.1510.

█ It is not necessary for our decision to hold Section 404.1510 to be invalid in all respects. Consistent with the rationale of the three cases just cited, we simply hold that the manner in which that section of the Regulations was read and applied in this case was inconsistent with the federal statute and that the hearing examiner, in effect, read restrictions into the statute that were not provided by the Congress. We further find and determine that the hearing examiner interpreted Section 404.1510 in a manner that obviated the necessity of determining, on the particular facts presented by plaintiff's case, the extent and reality of plaintiff's pain. Any decision of the Secretary based upon such a rationale cannot stand and this case must be remanded for further proceedings.

### IV.

The hearing examiner's decision is not supported by the single sentence—"In this regard it must be remembered

that the statute speaks of a *medically* determinable impairment"—quoted from Moon v. Celebrezze, (7th Cir. 1965) 340 F.2d 926 at 930. Nor can the discussion of *Moon* of subjective and objective complaints, when considered in context, be said to support the restrictive language of Section 404.1510 of the Regulations.

Defendant, in his supporting brief, directs our attention to the concluding sentence of Easttam v. Secretary of Health, Ed. and Welfare, (8th Cir. 1966), 364 F.2d 509 at 513. It was there stated that "asserted pain, in and of itself, is not necessarily disabling." One can not understand the precise language of Judge Blackmun in that sentence without reading Celebrezze v. Bolas, (8th Cir. 1963) 316 F.2d 498, at 506; and Dvorak v. Celebrezze, (10th Cir. 1965) 345 F.2d 894, at 897, both of which were cited in support and in explanation of the quoted sentence.

By citation of *Dvorak*, Judge Blackmun obviously directed attention to the language in that case which stated that "subjective symptoms must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment." By citation of *Bolas*, Judge Blackmun directed attention to language in that case where he had earlier stated:

Because pain is subjective it is a most difficult factor to weigh in evaluating disability. And it is not necessarily ignored in the formulation of an administrative decision. Compare Butler v. Folsom, W.D. Ark., 1958, 167 F.Supp. 684, 689. [316 F.2d 506].

When one compares Butler v. Folsom, W.D.Ark.1958, 167 F.Supp. 684, as directed in *Bolas*, it is apparent that Judge Blackmun was directing specific attention to Chief Judge Miller's specific finding in that case which established that "the Referee did not base his conclusion upon any theory that the plaintiff's impairment was purely subjective." In this case the hearing examiner did base his finding on that theory. It was for exactly that reason that he refused to weigh and consider any impairment that

might have resulted from plaintiff's pain. Defendant's reliance upon *Easttam* is obviously misplaced. Indeed, *Easttam* and the cases upon which that case is based require that the Secretary's decision in this case be reversed.

Page v. Celebrezze, (5th Cir. 1963) 311 F.2d 757, reversed a district court which affirmed the Appeals Council's reversal of a favorable award of a hearing examiner. The hearing examiner found as a fact that plaintiff's pain was real. The Court of Appeals held that a consultant's report that the Secretary relied upon to deny disability, when "viewed most unfavorably to Claimant, stated nothing more than the absence of objective evidence to support complaints of pain in areas other than the hands" (311 F.2d at 761). The appeals council, much as the hearing examiner in this case, reversed the initial finding for the claimant for the reason that:

The claimant's principal complaints are those of pain. In such an instance, where the allegations of pain are inconsistent with or out of proportion to the *objective clinical and laboratory findings*, the Appeals Council of necessity must give little weight to these allegations in the ultimate finding. [311 F.2d at 762].

The defendant in *Page* attempted to sustain the denial of liability on the theory of Judge Hand's suggestion in Theberge v. United States, (2d Cir. 1937) 87 F.2d 697, that pain must be borne in some cases. The Secretary sought to have that famous aphorism established as the legal standard to be followed in Social Security cases.

Judge John R. Brown rejected that theory in the following language:

This motion that pain must be endured, that pain, no matter how severe or overpowering, is not disabling unless it will "substantially aggravate" a condition is "contrary to the standard announced in" cases from this and other Circuits since "the purpose of much social security legislation" including this Act, "is to ameliorate

some of these rigors that life imposes." Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, 595; Hayes v. Celebrezze, 5 Cir. 1963, 311 F.2d 648. [311 F.2d at 762].

■ The *Page* case is also important in its rejection of the idea expressed in Section 404.1510 of the Regulations that pain must be demonstrated by objective clinical and laboratory findings. In that regard specific attention was properly directed to the language of the statute. The addition of a more restrictive standard by administrative action was firmly rejected. We agree with Judge Brown when he stated that "If pain is real to the patient and as such results in that person being physically unable to engage in any gainful occupations suited to his training and experience, and this results from 'any medically determinable physical or mental impairment' the disability entitles the person to the statutory benefits even though the cause of such pain cannot be demonstrated by 'objective clinical and laboratory findings.'" [311 F.2d at 762–763].

■ The *Page* case defined the duty of the administrative trier of the facts to determine the truth and reliability of complaints of subjective pain. In that connection it was held:

Where the medical evidence of record before the trier substantially indicates, as it does here, that the ascertainment of the existence of actual disability depends upon determining the truth and reliability of complaints of subjective pain or the medical significance of such complaints once credited, the trier of the fact—whether Examiner or Appeals Council—has a duty to pass on that issue. [311 F. 2d at 763].

Judge Brown added that "the trier cannot abdicate this difficult role by leaving it to that very limited field of medical science (if there is such) that deals alone with objective symptoms and demonstrable laboratory analysis." [311 F.2d at 763].

In order that there be no question about our recognition of the limited scope of our appellate review, we state, as did Judge Brown in *Page*, that if this case presented "Just a question of resolving factual conflicts including the inevitable contradictions among medical experts, we would readily affirm this award" [311 F.2d at 759]. But this case does not present that sort of a question. It presents an abdication on the part of the hearing examiner to make factual determinations concerning the truth and reliability of plaintiff's complaints of subjective pain and the medical significance of such complaints should they be credited. This case is not unlike Celebrezze v. Warren, (10th Cir. 1964) 339 F.2d 833, in which the district court's reversal of the Secretary's denial of disability was affirmed.

That case involved migraine headaches—a condition that obviously must, in most cases, be diagnosed from subjective symptoms alone. Indeed, the Secretary in that case conceded that if "Warren's subjective allegations as to his headaches were accepted at face value, a finding of disability would be warranted" (339 F.2d at 837). The Secretary, however, denied disability because "there was no proof of organic cause" and because "the intensity of pain cannot be measured by objective standards" (339 F.2d at 836). Judge Pickett properly determined that "a defect does not cease to exist merely because it is difficult of proof". He also held that "the disability contemplated by the Act is not restricted to that which is subject of proof by laboratory findings."

We do not intimate what finding we would make in regard to the existence of plaintiff's pain or what significance the presence of actual pain might have in regard to plaintiff's physical and mental impairment. Nor do we undertake to blueprint the further hearings required by our order of remand.

We do require that opportunity be given to supplement the present record with other and further evidence, written or oral, and direct that further consider-

**932**

ation be given this case in accordance with the criteria established by the statute. The restrictions added by Section 404.1510 of the Regulations shall not be applied. Appropriate findings of fact are, of course, required in order that the rationale of the Secretary's new decision be made apparent.

For the reasons stated, it is hereby

Ordered that the defendant's motion for summary judgment be, and the same is, hereby denied. It is further

Ordered that the decision of the defendant be and the same is hereby reversed. It is further

Ordered that this case be, and the same is, hereby remanded for further proceedings consistent with what has been stated.