214

Florence A. LECHELT, (MacTinger), Individually and o/b/o Sherry A. MacTinger, a minor, Plaintiffs-Appellants,

v.

Wilbur J. COHEN, Secretary of the Department of Health, Education and Welfare, Defendant-Appellee.

No. 17222.

United States Court of Appeals, Seventh Circuit.

June 17, 1970.

George C. Pontikes, Chicago, Ill., for appellants.

Thomas A. Foran, U.S. Atty., John Peter Lulinski, Asst. U.S. Atty., Chicago, Ill., Michael B. Nash, David R. McKenzie, Asst. U.S. Attys., of counsel, for appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Plaintiff Florence A. Lechelt brought this action in the district court pursuant to 42 U.S.C.A. § 405(g) [1] seeking review

1. So far as relevant, 42 U.S.C.A. § 405(g) provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * *, may obtain a review of such decision by a civil action * * * in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *. The court * * *

of a decision of the Secretary of Health. Education and Welfare as head of the Social Security Administration. On the basis of the pleadings, the transcript of the administrative record, defendant's motion for summary judgment and memoranda in support and opposition, the district court granted summary judgment for the defendant, affirming the decision of the Social Security Administration. Plaintiff appeals. We affirm.

Plaintiff had been married to the deceased insured James MacTinger. The marriage was terminated by a divorce in 1961, some three years prior to the death of the insured. On January 6, 1965, plaintiff, on behalf of her daughter Sherry MacTinger, filed a claim with the Social Security Administration for Survivors Insurance Benefits on the account of James MacTinger. Her right to an award on behalf of Sherry Mac-Tinger is not in dispute.

On January 13, 1965, a claim for Survivors Insurance Benefits on the account of James MacTinger was filed by Willa MacTinger, the wife of the insured at his death, on behalf of herself and her daughters, Verdie Altheimer and Tammie MacTinger.

On the basis of these claims, awards were made to plaintiff for Sherry Mac-Tinger and to Willa MacTinger for mother's benefits and for Verdie Altheimer and Tammie MacTinger.

Plaintiff protested the awards to Willa MacTinger and her children. Upon re-

consideration, the awards were affirmed. At plaintiff's request, hearings were held. The evidence showed that Willa MacTinger married the insured in 1958 while he was still validly married to plaintiff.

Plaintiff contends that Willa knew of this prior undissolved marriage at the time she married the insured. If that were so, Willa would not qualify for an award of mother's benefits since she would not meet the statutory definition of "widow" of a deceased insured.[2] If Willa's award were invalidated, the total benefit payable on the account of James MacTinger would be divided in three shares among the children claimants rather than in four shares among the children and Willa.[3,4] Thus plaintiff's daughter would receive a larger benefit if Willa were found to be ineligible for the mother's benefit.

Plaintiff introduced certain exhibits at the hearing to prove that Willa knew of James MacTinger's undissolved marriage to plaintiff when she married him in 1958. The only such exhibits still urged upon this appeal are a chattel mortgage and two promissory notes. They are purportedly signed by plaintiff, but are in fact forgeries.

Plaintiff's theory is that these documents were forged by Willa MacTinger during 1957 and 1958 before she married James MacTinger. Handwriting exemplars were introduced to show the alleged similarity between Willa's signature and

may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * * *. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions."

2. Willa claims under 42 U.S.C.A. § 402(g) which gives the right to receive mother's benefits to the "widow" of the deceased insured. 42 U.S.C.A. § 416(c) defines "widow" as the "surviving wife" of the deceased insured. 42 U.S.C.A. § 416(h) (1) (B) defines "wife" as one who has in good faith entered into a ceremonial marriage without knowledge of any legal impediment to the marriage.

3. 42 U.S.C.A. § 403 provides that when the total monthly benefits payable to eligible individuals is greater than the maximum amount payable on account of the deceased insured, the awards of each eligible individual shall be reduced proportionately so that the total of such awards shall equal the maximum benefit payable on the account

4. Plaintiff has abandoned the challenge, made below, to the awards to Willa for Verdie Altheimer and Tammie MacTinger and now concedes that those awards are valid.

the forgeries. Of course, if it could be shown that Willa was the forger, it would follow that she had reason to know of the undissolved marriage of James MacTinger to plaintiff when she married him in 1958. At the hearing, Willa denied any knowledge of plaintiff or of James MacTinger's marriage to her until sometime during 1963.

The trial examiner expressed certain doubts about the credibility of Willa MacTinger but ultimately concluded that "Willa MacTinger did not know of a prior undissolved marriage of the wage earner at the time of her marriage, and therefore she was the validly married wife of the wage earner at the time of his death * * *."

Our review of this critical finding of fact is limited by the statute, 42 U.S.C.A. § 405(g), *supra*, as well as by our prior decisions. As Judge Swygert, now Chief Judge, said in speaking for our court in Moon v. Celebrezze, 7 Cir., 340 F.2d 926, 930 (1965): "[C]ourts are limited to a determination of whether the record as a whole contains substantial evidence which supports the administrative decision. They may not resolve conflicts in the evidence. They may not decide questions of credibility. The Secretary's ultimate factual determinations stand if they are supported by such relevant evidence, when considered in the context of the entire record, as a reasonable mind might accept as adequate to support a conclusion. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Degner v. Celebrezze, 317 F.2d 819 (7th Cir. 1964); Jones v. Celebrezze, 331 F.2d 226 (7th Cir. 1964). * * * When the record as a whole will support equivocal but ·reasonable determinations, neither the district court nor this court may make a redetermination to comport with our own views of the case. If we were to do so, we would be assuming the role of a superagency rather than providing a check against unreasonable and arbitrary results."

■ Weighing the evidence in the instant case by this standard, we hold that the district court properly sustained the determination of the Secretary. The evidence to support plaintiff's allegation that Willa MacTinger falsely testified that she did not know, in 1958, of James MacTinger's prior undissolved marriage was at best inconclusive. We cannot say that the hearing examiner erred in concluding that the evidence before him was not sufficient to justify him in discrediting the testimony of Willa.

■ Plaintiff further asserts that the district court should have exercised its discretion to remand this case to the Secretary for the purpose of taking additional evidence. The statute, 42 U.S.C.A. § 405(g), *supra*, gives the court such discretion "on good cause shown." Where, as here, there is adequate evidence in the record to support the Secretary's determination and where a claimant, in seeking a remand, can show nothing more than an ardent desire to again try to convince the hearing examiner, unaccompanied by offers of additional substantial evidence, we cannot say that the trial court abused its discretion in refusing the requested remand.

In sum, we have concluded that the decision of the hearing examiner is supported by substantial evidence on consideration of the record as a whole and that the district court did not err in sustaining the award of the Secretary. Further, that the district court did not err in refusing to remand the case for an additional hearing.

The judgment of the district court is affirmed.

Affirmed.