James P. CALPIN, Plaintiff,

v.

Robert H. FINCH, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 69–1210.

United States District Court, W. D. Pennsylvania.

Aug. 11, 1970.

Swope & Swope, Ebensberger, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, Senior District Judge:

This is an action filed pursuant to § 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), wherein plaintiff seeks review of the decision of the Secretary of Health, Education and Welfare denying his claim filed on December 19, 1967 for disability insurance benefits and for a period of disability under Sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i).

Plaintiff's application was denied by initial decision of the Bureau of Disability Insurance and upon reconsideration. A request for hearing was granted and hearings conducted on July 9, 1969 and July 29, 1969. The Hearing Examiner held that plaintiff was not entitled to disability insurance benefits or for a period of disability under the Act. A request for review of the Hearing Examiner's action was filed on September 9,

1969, and on October 8, 1969 the request for review was denied by the Appeals Council. The denial by the Appeals Council became the final decision of the Secretary of Health, Education and Welfare.

A Complaint was timely filed in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g), *supra.* In response, defendant filed an Answer and a certified copy of the administrative transcript as required by § 205(g), *supra.* Subsequently, defendant filed a Motion for Summary Judgment. Counsel for the respective parties have filed written briefs in support of their positions on the Motion and have agreed to waive oral argument. Upon review of the administrative record, the pleadings, and the briefs of counsel, the Court is compelled to grant the Motion for Summary Judgment.

Pertaining to the scope of judicial review, Section 205(g), *supra,* provides as follows:

"The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * * ''

Under this Section and Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Plaintiff claims a disability commencing on January 30, 1966 when an automobile in which he was riding was struck from the rear by a bus causing him injury to his back. Plaintiff was twenty-four years of age at the time of the occurrence. As a result of the accident, plaintiff sustained a fracture of the transverse process of D–11, and, in February of 1967, he was admitted to Mercy Hospital of Johnstown for a spinal fusion of D–10, 11, 12 and L–1. The fusion was solid but plaintiff claims that he continues to suffer considerable back pain which renders him totally disabled and unable to engage in any substantial gainful employment.

Plaintiff has had twelve grades of schooling. He was trained in a vocational course in high school, which included four years of wood and metal shop and a year of typing. From January of 1960 to December of 1962 he served in the armed forces, where he first was trained as a lineman and then was placed in a radio section, operated a cryptograph and supervised radio. At age 21, plaintiff accepted his first job with General Telephone Company. He has received certificates from cable or splicing school. For two and one-half years he worked as a lineman, until the occurrence of the accident in question.

Immediately following the accident, plaintiff was admitted to Memorial Hospital in Johnstown. He was absent from work for five weeks and then returned to work as a lineman. However, experiencing some pain, plaintiff claimed that it was necessary for the remainder of his crew to do his heavy work. Plaintiff worked from March of 1966 until September of 1966 and then found it necessary to leave work because of the pain. He entered Lee Hospital in Johnstown for a course in physical therapy and remained absent from work for two months.

He then returned to work from November of 1966 to January of 1967 as a cable splicer, but, again because of the pain, found it necessary to leave work. In February of 1967 he was hospitalized at the Mercy Hospital in Johnstown for a spinal fusion. Following this hospitalization, he remained absent from work for one year. He then returned to work from January 15, 1968 to July 24, 1968, when he again quit his job. Plaintiff contends that he left work because he was not doing the heavy work which he was supposed to be doing and was told

by the company that he should either "get fixed up or not come back." Plaintiff has not worked since July 24, 1968, nor has he sought employment.

At the hearings on July 9, 1969 and July 29, 1969, plaintiff appeared and testified on his own behalf. Also the testimony of an impartial vocational expert was received. The essential finding of the Hearing Examiner was that plaintiff had a chronic mid-back problem which was minimal and associated with few, if any, abnormal medical findings associated with his allegations of thoracic pain. It was concluded that plaintiff had nothing more than mild or minimal discomfort on full thoracic motions and that this discomfort did not preclude him from performing light and sedentary jobs designated in the testimony of the vocational expert.

It is the plaintiff's contention that the Hearing Examiner, in making these findings, has disregarded the testimony of the plaintiff himself. At the hearing, plaintiff testified that various motions by him caused him to feel like he had "a nail in his back" or a throbbing or pounding sensation in his back. He stated that he could only lift 50 lbs. once or twice without then experiencing such pain, that he would have difficulty in repeatedly lifting weights of 15 to 20 lbs. because of the pain he would experience in bending or stooping, that he could not twist or turn with a weight, and that he could not sustain a weight upon his outstretched arms but only could hold a weight against his person. He testified that he could only stand or walk for about an hour without being required by the pain to sit down. He stated that he could sit on a hard seat for about an hour, but then the pain would require him to stand up. He stated that he could sit in a soft seat for several hours without being required to stand. Plaintiff also stated that he could not work continuously for eight hours in a day in any type of work without having an opportunity to lie down for an hour after three or four hours of work.

It is clear that the Hearing Examiner did not accept claimant's testimony as conclusive with respect to the severity of the pain experienced by him but rather considered the statements of the claimant in the context of other evidence appearing before him. The medical evidence indicated that plaintiff's fusion of his lower dorsal spine was solid. There was no evidence of deficits in the musculature, sensory, reflex or circulatory areas. Also, myelogram subsequent to the fusion showed no defect. With respect to plaintiff's range of motion after the fusion, the medical evidence, with but a singular exception, indicated that the motions of plaintiff's thoracic spine were unrestricted. At the conclusion of plaintiff's stay at the St. Francis General Hospital for an exploratory operation to examine the previous fusion, a consultant at the hospital observed on May 14, 1969 that plaintiff suffered at that time from a chronic mid-back pain which was minimal.

Also considered by the Hearing Examiner was testimony offered by the plaintiff himself with respect to the activities in which he had engaged subsequent to his spinal fusion. Plaintiff testified that these activities consisted of driving every day, shooting at targets with a pistol and rifle, flying as a student aircraft pilot, attending church, hunting small game, cooking, dusting, gardening, mowing the law with a power mower, window shopping and grocery marketing.

The term "disability" as applicable to claims for benefits under both §§ 216(i) and 223, *supra,* is defined in § 223(d), *supra,* which provides in pertinent part:

"(d) (1) * * *

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

"(B) * * *

"(2) *For purposes of paragraph (1) (A)—*

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, *engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.* For purposes of the preceding sentence (with respect to any individual), 'work which *exists in the national economy*' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

"(B) * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"(4) * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Pursuant to § 223(d) (3), quoted above, the Secretary has promulgated Social Security regulation No. 4, § 404.1501(c) which provides that, "Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment."

While plaintiff alleged symptoms of pain which, considered alone, would indicate that he was precluded from engaging in any substantial gainful activity, both the medical evidence of record and the testimony of the plaintiff with regard to activities which he performed subsequent to his fusion provided a substantial basis from which the Hearing Examiner could conclude that plaintiff could, in fact, engage in light and sedentary work.

Plaintiff failed to substantiate his symptomatic complaints of pain with medical evidence of the same. Also, plaintiff's own statements as to the extent of the activities in which he engaged subsequent to the fusion tended to refute the severity of the pain as stated by plaintiff. These inconsistencies in the testimony of the plaintiff were properly to be resolved by the Hearing Examiner and not by this Court. A federal district court is not to decide questions of credibility, and if the record as a whole will support equivocal but reasonable determinations, the district court may not make a redetermination in accordance with its own views of the case. Moon v. Celebrezze, 340 F.2d 926, 930 (7th Cir. 1965); Lechelt v. Cohen, 428 F.2d 214 (7th Cir. 1970), decided June 17, 1970 but not yet officially reported.

The Hearing Examiner did acknowledge in his decision that plaintiff's pain was sufficient to preclude him from returning to his previous work as a lineman or cableman. Accordingly, plaintiff did sustain the initial burden of proving that he could not return to his prior work, and the burden then shifted to the Secretary to demonstrate that substantial gainful work existed in the national economy in which plaintiff could engage with his impairment.

The vocational expert testified at the hearing that, in the light of his existing impairment, plaintiff would be able to engage in the jobs of telephone repairmen (rebuilding private telephones), light electronics, plastics, mechanical or metal assembly, deskman in a bowling alley, hotel or motel clerk, or counterman in an electronics supply house. The vocational expert sufficiently demonstrated

the existence of jobs of this nature within 100-mile radius of the residence of the plaintiff.

The judgment of the vocational expert was founded upon a set of assumed facts presented to him by the Hearing Examiner. They were as follows: that plaintiff suffered from a back condition which precluded heavy lifting and repetitive bending, that plaintiff should have the opportunity to rotate the positions of sitting and standing, and that plaintiff could engage in sustained activities for eight hours a day. While this assumption was contrary to plaintiff's testimony to the effect that it was necessary for him to lie down after three or four hours of activity in a day, nevertheless, the assumption is not without a foundation in facts of medical origin and other facts set forth by the plaintiff as to the nature of the activities in which he engaged subsequent to the fusion.

■ Although pain, in of itself, is recognized as a disabling factor for Social Security benefit purposes, it can constitute a disability only if it is not remediable or is of such a degree as to preclude an individual from engaging in substantial gainful activity. Garboden v. Secretary of Health, Education and Welfare, 258 F.Supp. 370 (D.Or.1966). The inability of an individual to work without some pain or discomfort does not necessarily satisfy the test for disability under the Social Security Act. Garboden v. Secretary of Health, Education and Welfare, *supra*, at 372. Plaintiff has the burden of proving that his pain is disabling. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965). As stated in Mark v. Celebrezze, at 292:

"* * * it may be necessary, in ascertaining whether statutorily-defined 'disability' exists in a given case, to determine the truthfulness of the allegations of subjective pain; and it is of course the duty of the trier of fact to weigh the evidence and find upon this difficult issue."

It was pecularily within the province of the Hearing Examiner to determine the truthfulness of plaintiff's allegations of subjective pain for purposes of determining whether such pain resulted in plaintiff's total disability. The Court must affirm the finding that plaintiff's pain was not such as to preclude his engaging in light and sedentary work. There is also ample evidence in the record upon which to sustain the finding that such work was, in fact, available to plaintiff.

### ORDER

Now, this 11th day of August 1970, it is ordered that defendant's Motion for Summary Judgment be and the same is hereby granted, the decision of the Secretary of Health, Education and Welfare is affirmed, and plaintiff's Complaint be and the same is hereby dismissed.