Robert C. BERTRAM, Plaintiff,

v.

The SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.

Civ. A. No. 72-C-280.

United States District Court,
E. D. Wisconsin.

Dec. 19, 1974.

Kent A. Martin, Corrections Legal Services Program, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for the establishment of a disability under § 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits as provided by § 223 of the Act, 42 U.S.C. § 423.

Both parties have moved for summary judgment. Following an arrest, the plaintiff was committed to Central State Hospital in Waupun, Wisconsin, under § 959.15 of the Wisconsin Statutes for specialized treatment of sexual deviates. It is plaintiff's contention that he has been disabled and unable to engage in substantial employment since August 1969 because of mental impairment.

Plaintiff filed an application for disability and disability insurance benefits on January 20, 1970, alleging that he became unable to work in August 1969. The application was administratively denied. Plaintiff requested and was granted a hearing on June 18, 1971, before a hearing examiner of the Bureau of Hearings and Appeals. The hearing examiner entered a *de novo* decision on August 6, 1971, finding that plaintiff was not disabled within the meaning of the statutory definition. This became the final decision of the Secretary when the Appeals Council approved the hearing examiner's decision on March 17, 1972.

Section 223(d)(1) of the Social Security Act, 42 U.S.C. § 423(d)(1), as amended, defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected at last for a continuous period of not less than 12 months."

Section 223(d)(2)(A) further provides:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. \* \* \* "

These statutes create three requirements for a disability: (1) there must be a medically determinable physical or mental impairment, (2) an inability to engage in any substantial gainful employment, and (3) the inability must be by reason of the impairment. Celebrezze v. Bolas, 316 F.2d 498, 501 (8th Cir. 1963); Pierce v. Gardner, 388 F.2d 846 (7th Cir. 1967). The Secretary found that plaintiff failed to establish that he was "disabled" within the statutory definition.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), under which this action is brought, limits this court's review of the Secretary's decision and provides that if the ultimate factual determinations of the Secretary are supported by substantial evidence, they are conclusive. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L. Ed.2d 842 (1971); Degner v. Celebrezze, 317 F.2d 819 (7th Cir. 1964). The question involved, therefore, is whether the record, viewed as a whole, contains substantial evidence to support the Secretary's finding that plaintiff was not under a disability as defined by the Social Security Act. Moon v. Celebrezze, 340 F.2d 926 (7th Cir. 1965); Lechelt v. Cohen, 428 F.2d 214 (7th Cir. 1970).

The evidence submitted to the Secretary included the following factual information and testimony. Plaintiff was born December 8, 1942, and is presently committed to Central State Hospital pursuant to § 959.15 of the Wisconsin Statutes for sexually deviant behavior. Plaintiff has completed either 9½ or 11 grades in school. After briefly serving in the Navy, plaintiff worked for short periods on a number of laboring jobs including railroad and ranch work. He was last employed as a metal pourer in a foundry from October 1968 until arrested on August 14, 1969, for indecent exposure involving children.

On two separate occasions during the hearing, plaintiff stated that he would be working on the outside if he were not confined. Plaintiff was also working for minimal wages in the woodworking shop of the hospital at the time of the hearing.

In a report of February 2, 1970, Dr. E. G. Schubert, Superintendent of Central State Hospital, stated that plaintiff had a history regarding aberrant sexual interests and behavior. The diagnosis of Dr. Schubert was sexual deviation (pedophilia). Dr. Schubert reported that plaintiff was able to work under supervision, adequately care for his personal needs, socialize with his peer group, and cooperate with hospital personnel. The doctor concluded that plaintiff showed no "psychotic symptomatology."

In May 1971, Dr. Schubert asserted:

"Robert Charles Bertram is not psychotic. He is receiving hospitalization for the purpose of required statutory treatment for his sexual deviation. He does not co-operate to the best of his ability in the treatment program, and he probably will remain confined." for an indefinite period of time." (Tr., at 77)

In addition, in March 1971, Dr. A. M. Schneidmuhl, a psychiatrist employed by the Bureau of Disability Insurance of the Social Security Administration, after reviewing the medical evidence, concluded that while there were some restrictions of plaintiff's daily activities, the restrictions were those imposed by a court and not by his illness. Dr. Schneidmuhl found no evidence of constriction of interests, deterioration of personal habits, or impaired ability to relate to other people.

The burden is on the claimant to establish that he was unable to engage in substantial activity by reason of

mental impairment. Jeralds v. Richardson, 445 F.2d 36, 38 (7th Cir. 1971). The mere fact that an individual is incarcerated for a crime or treatment does not establish his entitlement to disability benefits under the Act. A claimant must be able to prove that he would be unable to work if released. Hunter v. Secretary of H.E.W., 329 F.Supp. 43, 46 (E.D.Pa.1971); Pierce v. Gardner, supra. Plaintiff must establish that his inability to engage in substantial gainful employment is caused by his mental impairment rather than by his confinement by reason of mental impairment. As stated by the court in Waldron v. Secretary of H.E.W., 344 F.Supp. 1176, 1180 (D.Md.1972):

"There is an important difference between an impairment which results in an inability to perform the physical or mental functions necessary to engage in substantial gainful activity on the one hand and antisocial behavior which results in confinement on the other. In the latter case, it is confinement rather than the impairment which precludes the individual from engaging in substantial gainful activity. * * * "

In Pierce v. Gardner, 388 F.2d 846, 848 (7th Cir. 1967), the Seventh Circuit upheld the denial of benefits where plaintiff had a "sociopathic personality with pedophilic tendencies" which resulted in a propensity to commit sexual offenses. The court held that:

" * * * the record appears to indicate that the plaintiff's mental condition or disorder has not affected his ability to engage in his occupation as a sheet metal worker, albeit his propensities for the commission of sex offenses have repeatedly resulted in incarcerations which have interrupted his employment."

The plaintiff argues that Marion v. Gardner, 359 F.2d 175 (8th Cir. 1966), rather than the *Pierce* decision, is controlling over the present case. The court in *Marion* found that a disability existed in an individual suffering from medically diagnosed "uncontrollable" sexual urges which resulted in his confinement under the Minnesota Psychopathic Personality Act.

■ The *Marion* decision is of questionable precedential force. This court has found no decision which has followed the *Marion* case, and several courts have considered and distinguished the opinion. Hunter v. Secretary of H.E.W., supra; Lang v. Secretary of H.E.W., 348 F.Supp. 33 (D.Md.1972); Waldron v. Secretary of H.E.W., 344 F.Supp. 1176 (D.Md.1972). The court in *Marion* based its determination that plaintiff was unable to engage in substantial activity partly on the fact that few, if any, employers would hire a person with his impairment. Under the 1968 amendments to the Act, this is no longer a proper consideration, as one who is shown capable of performing gainful work is not disabled "regardless of * * * whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A); Hunter v. Secretary of H.E.W., supra.

■ Plaintiff here has failed to show that his mental condition precluded him from engaging in substantial gainful activity, independent of his consequent incarceration.

There being substantial evidence supporting the hearing examiner's finding that plaintiff was not disabled,

It is therefore ordered that defendant's motion for summary judgment must be and is granted.

It is further ordered that plaintiff's motion for summary judgment must be and is denied.