**William L. NICHOLS, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION & WELFARE, Defendant.**

No. 75–C–738.

United States District Court,
E. D. Wisconsin.

Sept. 15, 1977.

Elizabeth Alexander, Corrections Legal Services Program, Madison, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

The plaintiff William L. Nichols filed a complaint, pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health, Education, and Welfare ("Secretary"), denying him social security disability benefits. The matter is before the Court on cross-motions for summary judgment, the briefs, and the transcript of the administrative record. For the reasons hereinafter stated, the plaintiff's motion is denied and the defendant's motion is granted.

Plaintiff sought to establish a disability within the meaning of 42 U.S.C. § 416(i) and entitlement to disability benefits as provided by 42 U.S.C. § 423 on the basis that he was committed to a mental institution and while in such institution suffered an injury to his achilles tendon.

The plaintiff has the burden of establishing that he is entitled to social security disability benefits. *Waldron v. Secretary of Health, Education and Welfare,* 344 F.Supp. 1176 (D.Md.1972). In order for plaintiff to satisfy his burden, he must prove that (1) there is a medically determinable physical or mental impairment which can be expected to result in death or meets the duration aspect set forth in the Act; (2) that there is an inability to engage in any substantial gainful activity; and (3) that the inability exists by reason of the impairment. 42 U.S.C. § 416(i); *Pierce v. Gardner,* 388 F.2d 846, 847–848 (7th Cir. 1967).

Title 42 U.S.C. § 405(g) limits the Court's review of the Secretary's decision and provides that his factual determinations are conclusive if they are supported by substantial evidence. *Bertram v. Secretary of Health, Education and Welfare,* 385 F.Supp. 755, 757 (E.D.Wis.1974).

The plaintiff was born on July 18, 1941, and has a 12th grade education plus vocational school training in bookkeeping. Prior to his commitment, he worked as a bookkeeper, an office manager, a stock clerk, an ambulance driver, a truck driver, a messenger-trucker, and as manager of his own parcel delivery business with a fleet of twelve trucks.

Following a rape conviction, the plaintiff was committed under the Wisconsin Sex Crimes Law for mandatory 60 days' observation. As a result of the examinations given the plaintiff during the observation period, the Wisconsin Department of Health and Social Services recommended specialized treatment for his mental aberration, and the plaintiff was committed to Central State Hospital pursuant to a subsequent court proceeding.

The plaintiff contends that since it is undisputed that he suffers from severe medical disorders which require treatment in a hospital, and has been diagnosed as a "passive-dependent personality, moderate; adjustment reaction to adult life, moderate; and sexual deviation, sadism, severe," he has satisfied his burden of proving a mental impairment within the meaning of § 416(i), and the burden has shifted to the Secretary

to prove that there is a job the plaintiff might be capable of performing. *Massey v. Celebrezze,* 345 F.2d 146 (6th Cir. 1965). The plaintiff further contends that the administrative law judge applied an incorrect legal standard because he was operating under the misconception that the plaintiff's commitment was a mandatory result of his rape conviction.

■  The fact that an individual is incarcerated for a crime or for treatment does not establish his entitlement to social security disability benefits. A claimant must be able to prove that he is unable to work because of his mental impairment rather than because of his incarceration. *Bertram v. Secretary of Health, Education and Welfare,* supra; *Pierce v. Gardner,* supra. The fact that the administrative law judge may have misunderstood the reasons for the incarceration does not change the plaintiff's burden.

Admitting that the plaintiff was found to have a severe enough mental aberration to warrant commitment to a hospital for treatment, there is still substantial evidence in the record to support the Secretary's decision.

■  Title 20 C.F.R., Chapter III, Subpart P, App. 12.04 G, at 366, provides that for purposes of the Social Security Act, a functional nonpsychotic disorder exists if a long lasting, habitual, and inappropriate pattern of behavior is manifested by:

> "2. Antisocial or amoral behavior (including pathologic sexuality) manifested by: (a) inability to learn from experience and inability to conform with accepted social standards, leading to repeated conflicts with society or authority and (b) by psychopathology documented by mental status examination and the results of appropriate, standardized psychological tests."

The administrative law judge found that such a disorder did not exist, and such finding is supported by the reports of Drs. Schubert and Dhanens.

In addition to the reports of Drs. Schubert and Dhanens, the record establishes that the plaintiff has suffered from his mental aberration since teen-age, and in spite of this disorder was able to find substantial gainful employment to the point where he maintained his own parcel delivery business, keeping twelve trucks in operation.

■  As to the achilles tendon injury suffered by the plaintiff while confined to Central State Hospital, the record demonstrates that although he was restricted in his movements to some degree, his examining physician reported that significant improvement could be expected if the plaintiff maintained a vigorous exercise program.

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is granted.