Farley MULLINS, Plaintiff,

v.

Wilbur J. COHEN, Secretary, Department of Health, Education & Welfare, Defendant.

Civ. A. No. 68–C–69–A.

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 13, 1969.

Robert T. Winston, Jr., Norton, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

After four unsuccessful attempts to obtain disability insurance benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423, the claimant, Farley Mullins, seeks in this court a review of these decisions of the Secretary of Health, Education and Welfare.

The claimant's first application was filed April 2, 1959. This application was denied by letter in August, 1959, and the claimant took no further action on that application. He filed a second application on August 11, 1960, and after this application was initially denied, he requested and was granted a hearing. In a written opinion the hearing examiner ruled that the claimant was not under a "disability"[1] at any time prior to November 11, 1960, the date through which the claimant's second application was effective. This became the final decision of the Secretary when the Appeals Council of the Social Security Administration denied the claimant's

---

1. As defined at that time, "disability" meant "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. §§ 416(i) and 423(c) (2). Subsequent amendments are discussed in note 2, *infra.*

request for review. Mr. Mullins did not seek judicial review of this decision.

Undaunted, the claimant filed a third application on January 17, 1963, which was again rejected at all administrative levels. The hearing examiner who ruled on this third application found, as did the previous hearing examiner, that the claimant's insured status under the Act expired December 31, 1960. Hence, it was incumbent upon the claimant to establish that he became disabled prior to that date in order to qualify for disability benefits. Since the previous decision of the Secretary had finally adjudicated the claimant's rights under the Act for the period prior to November 11, 1960, the question presented by the third application was whether the claimant became disabled during the critical period, November 11, 1960 to December 31, 1960. After thoroughly reviewing all the evidence submitted both before and since the previous applications, the hearing examiner reaffirmed the findings of the first hearing examiner, and found in addition that during the critical period of the claimant's insured status his impairments were not so severe as to constitute a disability within the meaning of the Act. Again the claimant did not seek redress in the courts.

After a hearing held pursuant to the claimant's fourth application, filed September 26, 1967, the hearing examiner found that the expiration date of the claimant's insured status had not changed, that the additional evidence submitted by the claimant did not reveal error in the previous determinations of the Secretary, that the subsequent amendments [2] to the Act would not affect these previous decisions, that no good cause for reopening and reconsidering the previous decisions had been shown, and therefore, the previous final decisions of the Secretary were res judicata as to the claimant's rights under the Act. Mr. Mullins now requests this court to reverse this decision.

■ There is no doubt that res judicata is a permissible basis for denying a claim for disability insurance benefits under the Act. James v. Gardner, 384 F.2d 784 (4th Cir. 1967); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). A regulation of the Social Security Administration, 20 C.F.R. § 404.937 (1968), provides:

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res Judicata*. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision * *.

See 42 U.S.C.A. § 405(g) and (h). Here the facts and issues have not changed materially since the claimant's first application. It is conceded that Mr. Mullins' insured status expired December 31, 1960. He alleges that he became disabled in 1958, at the age of forty-seven. His medical record shows that he volun-

---

2. In 1965 the definition of "disability" was amended to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment *which * * * has lasted or can be expected to last for a continuous period of not less than 12 months.*" (emphasis supplied). 42 U.S.C.A. §§ 416 (i) (1) and 423(c) (2) (A) (Cum.Supp. 1967). This amendment changed the requirement as to the duration of an impairment, but not the requirements as to its severity. Since the duration of the claimant's impairments was never an issue in the administrative proceedings, the 1965 amendment is not relevant to the question of the correctness of the previous decisions of the Secretary. See James v. Gardner, 384 F.2d 784 (4th Cir. 1967).

The 1967 amendments, 42 U.S.C.A. § 423(d) (Cum.Supp.1969), retained the above-quoted definition and added additional provisions not here material.

tarily submitted to hospitalization for about a month in December, 1958, when he underwent psychiatric examination. A physical examination showed no diseases or physical ailments. The diagnosis made at that time was "involutional depressive reaction." It was noted that he had been a heavy drinker for many years, and it was thought that the claimant required no more than the usual treatment for alcoholism. He was given electro-shock treatment for his depression, and was released in a somewhat improved condition in January, 1959. He thereafter continued to receive psychiatric therapy on an irregular basis as an out-patient until August 11, 1960. The diagnosis of the treating psychiatrist was "involutional type of depression with partial remission," and it was noted that his use of alcohol appeared to be a continuing problem. It was thought that the claimant was "more than moderately disabled for economic or social self-sufficiency," and that continued psychiatric care would be beneficial in helping the claimant maintain his then present level of adjustment. Subsequent reports through 1962 showed no significant change in the claimant's condition. The evidence relevant to the period of the claimant's insured status was considered by the first hearing examiner, and no significant additional evidence was submitted in support of his third and fourth applications.

None of the decisions of hearing examiners were based on the erroneous view that psychoneurosis or chronic alcoholism could not be the basis of a determination of disability. See Beggs v. Celebrezze, 356 F.2d 234 (4th Cir. 1966); Lewis v. Celebrezze, 359 F.2d 398 (4th Cir. 1966). Rather, their opinions were that *this* claimant's impairments were not so severe as to preclude any substantial gainful activity.

■ Although we would be inclined to disagree with this conclusion if the question were ours to decide de novo, we cannot say that this conclusion was without rational basis. Certainly, since the claimant's fourth application presented no facts or issues not previously considered, its dismissal by the Secretary on the grounds of res judicata was justified.

■■ It is true that the Secretary is free to reopen or reconsider a previous final determination where "good cause"[3] is shown. See 20 C.F.R. § 404.957 (1968). But whether the Secretary chooses to rely on res judicata or not is a matter largely confined to his discretion. The law on this point was ably expounded in Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966), a decision this court recently approved in Casey v. Cohen, 295 F.Supp. 561 (W.D.Va. Dec. 21, 1968). Judicial review of a decision by the Secretary not to reconsider a previous final decision is not authorized by 42 U.S.C.A. § 405(g) and (h). However, where such a decision amounts to an abuse of discretion, reversal by a court would be authorized under the Administrative Procedure Act, as amended, 5 U.S.C.A. §§ 703–706 (1967). The claimant does not contend that the decision of the Secretary not to reopen was an abuse of discretion, and our review of the record discloses that such a contention would be untenable.

Accordingly, the decision of the Secretary of Health, Education and Welfare is affirmed.

The clerk of this court is directed to send a certified copy of this opinion and judgment to counsel of record.

---

3. 20 C.F.R. § 404.958 (1968), provides:

"Good cause" shall be deemed to exist where:

(a) New and material evidence is furnished after notice to the party to the initial determination;

(b) A clerical error has been made in the computation or recomputation of benefits;

(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based.