Stanley A. URGOLITES, Plaintiff,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 70-265.

United States District Court, W. D. Pennsylvania.

Sept. 21, 1970.

Thomas A. Swope, Jr., Swope & Swope, Ebensbarg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks judicial review of the decision of the Secretary of Health, Education and Welfare denying his claim filed on April 8, 1969 for disability insurance benefits and for a period of disability under Sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i).

Plaintiff originally filed an application for disability insurance benefits on October 12, 1965, claiming the onset of disability in 1962. This application was denied by the Bureau of Disability Insurance and plaintiff pursued the matter no further until April 8, 1969, when he filed a second application also alleging the onset of disability in 1962.

The second application was disallowed by initial decision of the Bureau of Disability Insurance and upon reconsideration. Upon request, a hearing was granted and conducted by the Hearing Examiner on January 22, 1970. The Hearing Examiner held that plaintiff was not entitled to a period of disability or disability insurance benefits under the Act. Plaintiff filed a request for review of the Hearing Examiner's decision, and the Appeals Council denied the request on February 26, 1970, thereby rendering the determination of the Hearing Examiner the final decision of the Secretary of Health, Education and Welfare.

A Complaint was timely filed in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g), *supra.* In response, defendant filed an Answer and a certified copy of the administrative transcript. Subsequently, defendant filed a Motion for Summary Judgment. Counsel for the respective parties have filed written briefs in support of their positions on the Motion and have agreed to waive oral argument. Upon review of the administrative record, the pleadings, and the briefs of counsel, the Court is compelled to grant the Motion for Summary Judgment.

Initially, it must be considered whether the doctrine of res judicata bars consideration of plaintiff's second application based upon an alleged disability,

the onset of which allegedly occurred in 1962. A regulation of the Social Security Administration, 20 C.F.R. § 404.-937, specifically provides for the administrative application of the doctrine of res judicata stating as follows:

"§ 404.937 Dismissal for cause.

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance *or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review,* or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951).

(Emphasis added.)

\* \* \*"

Even though the Hearing Examiner did not expressly rely upon the "res judicata" regulation, the Court, nevertheless, may do so. Domozik v. Cohen, 413 F.2d 5, 7 (3d Cir. 1969). Furthermore, the principle of res judicata may be applied even where no hearing has been held on the prior claim. Domozik v. Cohen, *supra*, at p. 8.

Plaintiff contends, however, that the "reopening" Regulations, 20 C.F.R. §§ 404.957 and 404.958, rather than the "res judicata" Regulation, are properly applicable to plaintiff's second application for benefits. 20 C.F.R. § 404.957 provides for the reopening of an administrative decision upon "good cause" within four years of the date of notice of the initial determination. 20 C.F.R. § 404.-958 provides in relevant part that "good cause" shall be deemed to exist, "where new and material evidence is furnished \* \* \*".

It is undisputed that plaintiff last met the special earning requirements of the Act on June 30, 1964, and, therefore, it was incumbent upon him to establish disability on or before that date. In his first application for disability insurance benefits, filed on October 12, 1965, plaintiff alleged the onset of disability in 1962. The evidence in support of this first application consisted of plaintiff's statements at his disability interview on October 12, 1965, complete records of hospital admissions on January 7, 1963 and December 1, 1963 and a partial record of a third hospitalization which commenced on July 1, 1965.

Plaintiff filed his second application for disability insurance benefits on April 8, 1969, within four years of the filing of his first application. Again, disability was claimed to have occurred in 1962. The question is whether the evidence offered in support of plaintiff's second application was "new and material" evidence providing good cause for the treatment of the second application as a reopening of the determination upon the first application. In support of the second application, plaintiff offered his own testimony, the completed record of his third hospitalization commencing on July 1, 1965 and a report of plaintiff's physician dated January 27, 1966.

It is most difficult to see how the testimony offered by the plaintiff himself at the hearing upon his second application can be regarded as "new evidence" of impairments existing on or before June 30, 1964, when plaintiff last met the special earning requirements of the Act. It must be assumed that, at the time of his initial disability interview on October 12, 1965, plaintiff had full knowledge of his own symptomatic complaints existing as of June 30, 1964. Plaintiff's failure to set forth certain symptomatic complaints in support of his first application should preclude him from now asserting these complaints as new evidence upon an application for reopening at this later date.

A review of the completed record of plaintiff's hospitalization on July 1, 1965

also reveals the existence of no new evidence material to plaintiff's physical condition on or before June 30, 1964. The hospital record contains no reference to the origin of an impairment on or before June 30, 1964.

■ However, the report of plaintiff's physician dated January 27, 1966 must be regarded as "new and material evidence" for the reason that it contains the observation of plaintiff's physician that certain of plaintiff's impairments had existed since 1963. Accordingly, it is concluded that plaintiff's second application for disability benefits, having been filed within four years of his first application and containing new and material evidence with regard thereto, may be regarded as an application for reopening of prior administrative decision upon plaintiff's first application. Res judicata, therefore, will not be applied.

■ The Court, therefore, turns to a review of the decision of the Hearing Examiner denying plaintiff's claim. Pertaining to the scope of judicial review, § 205(g), *supra*, provides as follows:

"The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *"

Under this section and § 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

To qualify for disability insurance benefits and a period of disability under Sections 223 and 216(i), *supra*, an individual must meet the special earning requirements of these sections, be under the age of 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

Section 216(i)(1)(A) of the Act, as amended, 42 U.S.C.A. § 416(i)(1)(A), provides that the term "disability" means:

" * * * inability to engage in any substantial gainful activity by reason of any medical determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

The definition of "disability" under § 223(d) of the Act, 42 U.S.C.A. § 423(d)(1)(A), as amended, is the same.

"'(T)he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.'" Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964).

■ Plaintiff last met the special earning requirements of the Act on September 30, 1964. It was therefore incumbent upon plaintiff to establish that his disability began on or before that date.

It was the finding of the Hearing Examiner that, at the time when plaintiff last met the special earning requirements of the Act, his impairments consisted of minimal osteoarthritis of the spine, mild hearing defect, mild urinary tract infection, mild emphysema and a mild anxiety state. While finding that claimant's impairments may have precluded him from engaging in his previous occupation in coal mines and from any heavy or arduous work, the Hearing Examiner, nevertheless, found that plaintiff was able to engage in many forms of employment of a light and/or sedentary nature.

■■ Plaintiff contends that, in determining the extent of his impairments, the Hearing Examiner failed to take into

consideration plaintiff's own testimony as to the pain which he suffered as a result of his impairments. There is no question that subjective evidence of pain and disability is one of the elements to be considered in reaching a determination of disability, but such evidence must be evaluated with due consideration for credibility, motivation and medical evidence of impairment. Schmidt v. Secretary of Health, Education and Welfare, 299 F.Supp. 1315, 1318 (D.C.P.R.1969). The issue of credibility is within the sole province of the Hearing Examiner to decide and a redetermination of that issue is not the province of the Court. Lechelt v. Cohen, 428 F.2d 214 (7th Cir. 1970), decided June 17, 1970; Moon v. Celebrezze, 340 F.2d 926, 930 (7th Cir. 1970).

A review of the record and the decision of the Hearing Examiner indicates that the Hearing Examiner did consider plaintiff's own testimony as to the pain which he suffered but afforded that testimony something less than full weight in the light of substantial medical evidence of record.

Plaintiff testified that since 1963 he had suffered from pain in his lower back and at the top of his spine, headaches and dizzy spells, and a buzzing sound in his ears. The dizzy spells, plaintiff testified, occurred three to four times a week and lasted about fifteen minutes, during which time he was compelled to cease activity. Plaintiff also stated that he could only walk about a mile without discomfort, that he could stand only about five to ten minutes at a time and that he could sit for a couple of hours at a time.

The medical evidence before the Hearing Examiner consisted of records of three hospital admissions and a report of plaintiff's physician who had attended him since 1962 and during his first two hospitalizations. Plaintiff was hospitalized on January 7, 1963 for inflammation of the kidney. During hospitalization, the renal system and ureter were observed to be within normal limits. No evidence of a stone or other uropathy appeared. After treatment, plaintiff was discharged in an improved condition on January 17, 1963.

Plaintiff again was hospitalized on December 1, 1963 for an eight-day period. His condition was diagnosed as minimal arthritis of the dorsal spine and very minimal arthritis of the lumbo-sacral spine. Also observed was fine pneumoconiosis and mild emphysema. The results of a urogram were normal. Plaintiff was discharged in an unimproved condition.

Plaintiff's third hospitalization was on July 1, 1965, nine months subsequent to the date upon which he last met the special earning requirements of the Act. Diagnosed impairments were tinnitus or a buzzing in the ears; a forty percent deafness but with hearing, nevertheless, appearing satisfactory bilaterally for ordinary purposes; a urinary tract infection but no nephritis; asymptomatic pulmonary fibrosis; and a mild to moderate anxiety reaction. Plaintiff remained hospitalized for eleven weeks, until October 22, 1965, when he was discharged as having received maximum hospital benefits.

A report of plaintiff's own physician dated January 27, 1966 was based primarily upon the records of plaintiff's prior hospitalizations. Plaintiff's physician concluded that plaintiff was totally disabled, not because of lung or spinal impairments, but rather because of a mental state of chronic depression. As observed by the Hearing Examiner, there was no evidence of anxiety reaction or depression prior to plaintiff's hospitalization on July 1, 1965 and, even then, it was not characterized as being of a severe degree. The increase in severity of an existing impairment or the occurrence of a new impairment subsequent to the time that a claimant last meets the special earning requirements of the Act does not afford a basis of eligibility for disability insurance benefits. Large v. Cohen, 296 F.Supp. 255, 259 (D.C.Va.1969).

The aforementioned medical records and reports constituted substantial evidence in support of the Hearing Exam-

**1174**

iner's findings that, as of the time when plaintiff last met the special earning requirements of the Act, his impairments consisted of minimal osteoarthritis of the spine, mild hearing defect, mild urinary tract infection, mild emphysema and a mild anxiety state.

Plaintiff established to the satisfaction of the Hearing Examiner that he suffered from impairments which "may" have precluded him from engaging either in his former occupation in coal mines or in any work of a heavy or arduous nature. This was sufficient to shift to the Secretary the burden of proving that reasonable employment opportunities were available to plaintiff. Bujnovsky v. Celebrezze, 343 F.2d 868, 871 (3d Cir. 1965).

This burden was met by the testimony of a psychologist who engaged in vocational testing, vocational counseling and the actual placement of individuals in occupations. Considering both the impairments of plaintiff as found by the Hearing Examiner to have existed as of the time when plaintiff last met the special earning requirements of the Act and also the other evidence of record, the vocational expert was of the opinion that plaintiff could perform the job of electrical assembly, various jobs in the shoe industry, and light janitorial jobs, all of which existed in substantial numbers within a forty-mile radius of plaintiff's residence. Upon questioning by plaintiff's counsel as to the ability of one to perform the aforementioned jobs while experiencing an anxiety state, the vocational expert concluded that a person so impaired could, in fact, do so.

While the report of plaintiff's own physician, dated a year and one-half after plaintiff last met the special earning requirements of the Act, stated said physician's belief that plaintiff was totally disabled, the Hearing Examiner was not bound to accept this conclusion without weighing it in balance with the other evidence, both medical and vocational. Lunsford v. Celebrezze, 238 F. Supp. 683, 688 (D.C.S.C.1964).

Likewise, the fact that plaintiff was found disabled for the purpose of receiving Veterans Administration benefits was not binding on the Hearing Examiner, for the requirements of that administrative agency differ from those of the Social Security Administration with respect to the establishment of disability. Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966); Payne v. Cohen, 293 F.Supp. 48 (E.D.Ky.1968); Ferrell v. Gardner, 260 F.Supp. 996 (S.D.W.Va.1966).

In accordance with the foregoing, the Court concludes that defendant's Motion for Summary Judgment should be granted. An appropriate order is entered.

### ORDER

Now, this 21 day of September 1970, upon review of the pleadings, briefs filed by counsel, and the administrative record, the Court hereby orders that defendant's Motion for Summary Judgment be and the same is hereby granted, that the decision of the Secretary of Health, Education and Welfare be and is hereby affirmed, and that plaintiff's Complaint be and hereby is dismissed.