**Lester FRENCH, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary Health, Education & Welfare, Defendant.**

**Civ. A. No. 70–C–93–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Feb. 24, 1971.

Robert T. Winston, Jr., Norton, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief District Judge.

This action involves an effort by the plaintiff to set aside the defendant's denial of social security disability benefits. The claimant applied on June 23, 1969 for the establishment of a period of disability and for disability insurance benefits pursuant to Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416 and 423. Plaintiff's claim was denied initially and again upon reconsideration. A hearing was duly held at which time petitioner and his wife testified as to his alleged disability. By a decision dated July 13, 1970 the hearing examiner also denied plaintiff's claim. The hearing examiner's decision became the final decision of the Secretary in

this case when the Appeals Council denied plaintiff's request for review on August 4, 1970. This action comes to the attention of the district court under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review the final decision of the Secretary of Health, Education and Welfare.

The claimant was born June 4, 1918 in Dickinson County, Virginia where he presently resides. He is married and has eight children, six of whom are still dependent upon him for support. The dependent children range in age from seven to seventeen years. At the time this action was commenced, one of the two older working children also lived in the plaintiff's home.

The plaintiff's work history is somewhat incomplete. He has completed the eighth grade of public school education and has served in the armed forces from 1942 until 1946. Until ten years ago he handled "odd jobs" including work in a coal mine. For the past ten years, plaintiff has been employed as a school bus driver for the Dickinson County school system, a position he has since given up due to his nervous condition. He claims disability beginning June 3, 1969.

The claimant has entered into the record in support of his alleged disability, his own testimony and that of his wife in conjunction with various medical reports. The plaintiff complains of a list of maladies including a stomach condition, arthritis in his spine and neck, numbness in his arms, ringing ears, loss of balance, high blood pressure, hypertension and broken arches. The issue before the court is whether these conditions individually or in combination constitute a disability as defined by the Social Security Act as amended.

In his hearing before the hearing examiner, the plaintiff stated that he felt he "woudn't be able to drive for another year so I filed for my social security benefits". He also indicated that his personal physician Dr. Ratcliff, had earlier advised him to discontinue driving the school bus, but that medication was prescribed temporarily so that plaintiff could finish out the year. In neither of Dr. Ratliff's two reports is such a recommendation substantiated. Dr. Ratliff's report includes only the statement that the plaintiff had "been unable to work since June 3, 1969 because of the above complaints". Claimant's visits to Dr. Ratliff were very irregular, ranging in frequency from once a month to once every six months. Dr. Ratliff prescribed only a mild tranquilizer for the plaintiff.

In addition to his personal physician's report, Mr. French was examined on three occasions by doctors at the Veteran's Administration Hospital in Roanoke in regard to a claim filed for veterans benefits. In his first examination at the VA Hospital on January 8, 1969 the claimant was awarded a 30% disability due to service connected fallen arches, but that the "service clinical records are completely negative for evidence of arthritis and for lumbosacral and cervical strain." On his second visit to the VA Hospital he was examined by Dr. Robert W. Beck, a psychiatrist. Dr. Beck states in his report concerning the plaintiff, "He is rather vague. His content is rather circumscribed, then he keeps coming back to physical symptomatology, and yet it's only with difficulty that one is able to pin him down." Dr. Beck's diagnostic report concluded that he is competent and not in need of hospitalization.

In his last visit to the VA Hospital on April 2, 1970, claimant was examined by Dr. Peter G. Brandestas who concluded that claimant had a 60% limitation of back bending and rotation and that the claimant "complains of discomfort on motion of almost all the joint areas of his upper and lower extremities and indicates there is increased pain in his shoulders, back and both legs. While he does show good range of motion of the shoulders, elbows, wrists and hands, also the knees, there is discomfort at the extremes of these arcs and there is crepitation in the knees".

Mr. French was also examined by a consulting physician employed by the Social Security Administration, a special-

ist in internal medicine, Dr. Ulysses S. Gonzalez. Dr. Gonzalez reports that the motion of the neck appeared to be within normal limits during examination of both ears and that there were no palpable masses or tenderness in the abdomen.

He also reported:

"Extremities: No active arthritis. No atrophy or contractures. The pulses are good on both sides. During manipulation there is some resistance and complained of pain, but no limitation of motion noted."

The specialist's conclusion was:

1. Osteoarthritis, spine, with possible degenerative disc between C6 and C7.

2. Anxiety state, chronic, severe.

3. Hypertension.

Thus, it does appear from the plaintiff's complaints and from medical reports that Mr. French does indeed have somewhat of a problem with his feet and to some extent with his back. However, none of the plaintiff's maladies have been corroborated by competent medical opinion that they were of such severe nature as to preclude the plaintiff from gainful employment. Indeed the only reference to any type of work disability was in Dr. Ratliff's report where he mentioned that Mr. French had been unable to work due to his complaints. Nowhere is there medical opinion directly concerning the plaintiff's inability to be gainfully employed. The psychiatrist's examination revealed on two occasions that he is a competent individual and not in need of hospitalization, but that he gradually has developed more and more physical symptomatology. In commenting on the award of VA benefits the psychiatrist has said, "Following the last examination he was given 50% compensation, now he is striving for the hundred percent."

 This Court is cognizant of the fact that the claimant's maladies must be considered in combination in evaluating their effects and is convinced by the record that the hearing examiner obtained and examined all of the relevant materials covering all of the plaintiff's complaints. The Secretary is not obliged to accept as true plaintiff's self-serving statements pertaining to his claim. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Kelley v. Celebrezze, 243 F.Supp. 18 (D.N.J.1965). Since the hearing examiner has had the opportunity to observe demeanor and determine credibility his observations on these matters are to be given great weight. Slaughter v. Gardner, 292 F.Supp. 568 (S.D.W.Va. 1968); Bailey v. Gardner, 269 F.Supp. 100 (S.D.W.Va.1967); Smith v. Gardner, 253 F.Supp. 991 (D.S.C.1966).

The standard by which the plaintiff's disability has been gauged is that enunciated in Public Law 90–248, 81 Stat. 821, enacted January 2, 1968, which amplifies the meaning of the term "disability" as defined by the 1965 Amendments to the Social Security Act. Section 223(d) (1) (A) of the Social Security Act, 42 U.S.C.A. Section 423(d) (1) (A) now provides that "disability" shall be defined as an

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months.

Section 223(d) (2) further defines Section 223(d) (1) (A) by providing that

an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacan-

cy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The preponderance of the evidence establishes that claimant was not under vigorous medical treatment for any of his ailments. His visits to his private physician were irregular at best and his visits to the VA Hospital were not for the purpose of receiving treatment but for the purpose of reconsidering his service connected disability for flat feet. At the very least the plaintiff has failed to show that he was receiving such medical care or needed such care. During the processing of his claims for social security disability benefits, the claimant has added multiple complaints to his symptomatology including numerous orthopedic complaints.

The hearing examiner, based upon the combined medical reports, found that "the clinical data recently elicited in evaluating claimant's musculo-skeletal complaints reveals only slight changes in the cervical spine from moderate hypertrophic degenerative disease; only slight arthritic changes in the lumbosacral spine without evidence of nerve root syndrome; and severe residuals of bilateral pis planus, grade 4, with calluses. This indicates claimant's primary problem involves discomfort and intermittent periods of acute pain in walking, due to fallen arches. His work history demonstrates this has never interfered significantly with his occupation as a bus driver."

The plaintiff has also complained of hypertension and nervousness. There is evidence that the prescribed medications given to this patient for these conditions consisted of a mild tranquilizer and Bufferin. Nowhere has it been suggested that these maladies would interfere with the claimant's ability to reason, understand, remember or associate with other people. In fact two psychiatric reports pronounce the claimant competent and not in need of hospitalization.

The court is of the opinion, as was the hearing examiner, that the claimant apparently considers the establishment of Veteran's Administration pension benefits for service connected flat feet coupled with the documentation of certain other diseases sufficient to establish his claim for Social Security disability benefits. The courts have held otherwise. The requirements of the Veteran's Administration differ from the requirements of the Social Security Act and a finding of disability under that program is not binding on the Secretary. Gee v. Celebrezze, 355 F.2d 849 (2nd Cir. 1966). In the case of Gotshaw v. Ribicoff, 307 F.2d 840 (1962) the Fourth Circuit Court of Appeals stated:

It is established that the mere presence of a disease or medically determinable impairment does not automatically entitle a claimant to a disability period or disability insurance benefits under the Social Security Act. Instead, the impairment must cause 'inability to engage in any substantial gainful activity.'

In view of the medical evidence and the testimony of the plaintiff and his wife, the Secretary concluded that the plaintiff's maladies were not of such a severe nature as to preclude plaintiff from gainful employment. The court finds that there is substantial evidence to support the Secretary's finding that the plaintiff failed to carry his burden of establishing disability.

Accordingly, summary judgment should be and hereby is granted to the defendant.