**Henry Thomas COLLINS, Plaintiff,**

v.

**David MATTHEWS, Secretary of Health, Education, and Welfare, Defendant.**

No. CV375-28.

United States District Court,
S. D. Georgia,
Dublin Division.

Aug. 7, 1978.

Emmett L. Goodman, Jr., Macon, Ga., for plaintiff.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., for defendant.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

LAWRENCE, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff seeks review of the denial of his claim for disability benefits by the Secretary of Health, Education, and Welfare. There were lengthy extensions for filing an answer and response. Defendant filed a motion for summary judgment on February 8, 1977. Plaintiff similarly moved on February 17th. Both sides have filed briefs.

The case has been submitted to the Court on the record.

I

This is not plaintiff's first go-around in trying to obtain Social Security disability benefits. In April, 1966 he filed an application claiming "back and nerve trouble." His claim was heard before a Hearing Examiner on January 14, 1969. Disability benefits were denied in a decision handed down by him on February 3rd. R. 255–268. After a full consideration of the evidence, the medical records and reports from eight physicians, the Examiner found that the Applicant had not established a "disability" by "medically accepted clinical and laboratory diagnostic techniques and findings." R. 167.[1] He concluded that Mr. Collins' impairment was not of such severity as to

1. The transcript of the first hearing (1969) and exhibits therein were introduced in evidence at the 1975 hearing.

keep him from pursuing some form of substantial gainful activity. This ruling was approved by the Appeals Council. Mr. Collins was represented by counsel. He did not seek judicial review.

In the findings and conclusions made in the first application, the Hearing Examiner stated as follows (R. 266–267):

"It seems clear that the claimant has a fixed idea that he is severely impaired. From the medical impairments as established by appropriate laboratory and diagnostic techniques, including reports from the claimant's own experts, it would appear that the claimant is more concerned about himself than his true condition really warrants. Claimant may indeed believe that he is disabled, which belief would almost certainly tend to blunt his motivation. However, all disability claimants naturally have such a belief. Nevertheless, even when such a belief amounts to a sincere conviction, it does not justify allowance in the face of clear and convincing medical evidence that a residual capacity for substantial work exists. Disinclination on the part of an individual to accept feasible work cannot be the basis for an award of disability insurance benefits."

. . . .

"The latest psychiatric report gives a diagnosis of a mild anxiety reaction, which has probably become more intense than before. It in no way offers anything significantly different from the previous psychiatric report by Dr. Raines. Therefore, while the claimant may have some impairment of chronic anxiety, moderate; some mild arthritis of the cervical spine and osteoarthritis of the lumbar spine, causing some pain in the region of the lumbar spine and some muscle spasms of the cervical spine, there are no anatomical, physiological, or psychological abnormalities demonstrable by adequately acceptable clinical or laboratory diagnostic techniques supporting any conclusion that this claimant cannot engage in many kinds of substantial gainful work, including his previous occupation as

service station attendant, that do not require heavy, strenuous, physical or manual demands. These kinds of occupations are found to exist in the area of the claimant's residence as well as in the Macon Region, and he is found to be suited by age, education, and vocational experience, to be able to engage in any one of them."

## II

On December 3, 1973, plaintiff filed a second application for disability benefits. Disability was based on "nerves and back." Mr. Collins attributes his disability to the injury he sustained on December 3, 1964, at Robbins Air Force Base in the course of his work as a "material dispatcher" in which a heavy aileron fell on his back while being moved by Collins and other employees. R. 134.

After four weeks of hospitalization and treatment by an orthopedist, he returned to work on substantially a full-time basis on April 1, 1965. On September 7, 1967, Collins was involuntarily retired by Civil Service because of his inability to lift or carry and nervousness when assigned paperwork. R. 83–84, 133. He was then thirty-six years of age. As a result of his disability he is drawing under the Federal Employees Workmen's Compensation Act $412 monthly for life.

His second application was filed on December 3, 1973. It, too, is primarily based on the same contention he made in the first, namely, on injury to nerves and back suffered in 1964. Mr. Collins complained of constant pain in his back and neck. R. 250. A de novo hearing on Collins' entitlement to disability benefits was held before an administrative law judge on March 18, 1975. On June 4th of that year a decision was rendered denying his claim. The following findings were among those made in that case (R. 15–18):

"(1) The claimant met the earnings requirements when he alleged he became disabled and continued to meet those requirements through December 31, 1972;

"(2) The Administrative Law Judge's decision of February 3, 1969, finding that claimant was not under a disability is barred by res judicata through that date and since more than four years have elapsed since the initial determination on his prior application the determinations in respect thereto cannot be reopened by reason of administrative finality;

"(3) The claimant has some anxiety with depressive features and some arthritis and limitation of motion and some pain but these impairments are not of such severity as would be expected to result in death or to prevent him from engaging in any substantial gainful activity for any continuous 12-month period between February 3, 1969, and December 31, 1972, the date he last met the earnings requirements;

"(4) The claimant has failed to meet the burden of establishing that he has a right to the establishment of a period of disability under Section 216 or disability insurance benefits under Section 223 of the Social Security Act, as amended."

This finding became a final one of the Secretary when it was affirmed by the Appeals Council on September 24, 1975.

█ To qualify for disability benefits, claimant has the burden of proving disability as defined in the Act and the Regulations.[2]

## III

█ "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). On review by a district court, the only issue is whether the findings are supported by substantial evidence in the administrative record. *Gaultney v. Weinber-*

*ger,* 505 F.2d 943 (5th Cir.); *Ratliff v. Richardson,* 445 F.2d 440 (5th Cir.). This Court cannot reweigh the evidence nor substitute its judgment for that of the Secretary. *Williams v. Finch,* 440 F.2d 613 (5th Cir.). "Conflicts in the evidence, including those arising in medical opinions, are to be resolved not by the courts, but by the Secretary." *Laffoon v. Califano,* 558 F.2d 253, 254 (5th Cir.).

Is there substantial evidence to support the decision of the Secretary?

## IV

Plaintiff was born in 1931 and is nearly forty-seven years old. His education is limited. After completing the eighth grade, he left school and obtained work in various service stations. R. 126–128. In 1952 Collins obtained employment at Robbins Air Force Base. Following his involuntary retirement from his job in September, 1967, he bought a country grocery store. His wife operated it. Her husband just sat around the store and the house. The store burned down sometime in 1969. R. 41, 99, 136–137, 156.

Mr. Collins takes medications for sleeping, nerves, back pains, arthritis, gout and high blood pressure. R. 138–144. His wife testified that he has crying spells.

The additional medical evidence presented at the evidentiary hearing before the Administrative Law Judge on March 18, 1975, consisted of the reports of four physicians. Dr. H. W. Long of Macon said that Collins "still suffers from arthritis of spine and hips, anxiety neurosis, hypertension and gout and is, I feel[,] disabled." R. 309. An undated note of Dr. George S. Walker stated no more than that "I am aware of the following diagnosis. 1. osteoarthritis

---

2. The term "disability" is defined in 42 U.S.C. § 423(d)(1)(A) to mean ". . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." The term "physical or mental impairment" is defined in 42 U.S.C. § 423(d)(3) to mean: ". . . an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." "Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment." 20 C.F.R. § 404.1501(c).

2. hypertension 3. anxiety neurosis." R. 310.

A report by Dr. Ralph G. Newton, Jr., dated July 22, 1974, indicates that plaintiff's kidney stone problem (which he has had since 1953) is controlled by medication. R. 311.

In a report dated July 31, 1970, Dr. B. R. Maughon, a psychiatrist, stated that plaintiff's prior injury "caused poor work patterns, inability to accept these, inability to accept his somatic pain and limitations which resulted in increased frustration, agitation and depression. His compulsivity is a defense against inadequacy or insecurity and his own poor self esteem." Dr. Maughon's diagnosis was "Compulsive personality with depression, chronic, moderate." R. 303, 315. On January 3, 1974, this psychiatrist stated that "very possibly he will not regain his emotional capacities to return to work. I see his prognosis as being poor for change and guarded." R. 313.

In 1975 Dr. C. W. Johnson of Eastman who was Collins' personal physician stated that in his opinion he had been disabled for gainful employment since 1967. R. 317. This is the same doctor who in May, 1968, informed the Social Security Administration that he thought claimant was "malingering" and that Civil Service "retired him on nerves for lack of any other ex." [excuse?]. R. 210.

The Administrative Law Judge concluded that the "evidence has failed to establish that the claimant has a physical or mental impairment, or combination thereof" of such severity as would be expected to prevent him from engaging in work other than his previous work. At the 1969 hearing there was testimony by a Vocational Expert as to the shortage of manpower in the Macon area and that various types of gainful activity claimant was capable of performing were available to him. R. 94–98, 17–18.

The decision denying disability benefits did not rest solely on the merits. The Administrative Law Judge also found that the claim was barred by reason of administrative finality of determinations—*res judica-ta.* I will come back to the subject of whether the finding as to disability was supported by substantial evidence. I turn to the *res judicata* issue.

## V

Both the Social Security Act and the Regulations thereunder recognize the principle of former adjudication. See 42 U.S.C. § 405(h); 20 C.F.R. § 404.937(a). Where the issues are the same as those involved in a previously denied claim and the applicant introduces no new evidence, or merely produces cumulative evidence, the second claim may be dismissed on the ground of *res judicata. Cole v. Secretary of Health, Education and Welfare,* 369 F.Supp. 127 (W.D., La.).

The factual issue in 1969 and in 1975 was basically the same. The entire record in the first case was before the Administrative Law Judge as part of the evidence in the second. Both applications were predicated on disability caused by "nerves and back" as a result of the 1964 injury. The date of commencement of alleged disability was identical in each claim, September 7, 1967. The medical problems and complaint of pain varied little. At the second hearing no significant new evidence was produced. To Collins' catalogue of troubles he added such fillips as "crying spells," insomnia and high blood pressure. Plaintiff testified that he was "getting worse instead of better." R. 149.

In endeavoring to set aside the decision of the Appeals Council Collins' attorney focuses on the claim that his client is unable to work due to a neurotic condition and acute anxiety which developed and progressively increased following the injury suffered in 1964. The mental fixation that he is totally disabled overcomes both his ability and his motivation to work. So it is argued.

One of the "manifest errors" complained of by counsel for plaintiff is the finding at both hearings that the traumatic neurosis under which he labored did not prevent his engaging in some substantial gainful activi-

ty. It is especially insisted that the Hearing Examiner failed to consider or give effect to the reports of Dr. Thomas M. Hall dated January 27, 1969, and of Dr. J. A. Raines in October of that year. Both dealt with the "traumatic neurosis" feature of the case.

Dr. Hall is a Diplomate in psychiatry. He examined Collins in January, 1968 and concluded that psychiatric treatment was needed. Dr. Hall thinks that claimant has probably suffered all his life from a "mild anxiety" reaction which after the accident progressed into "traumatic neurosis." Collins' belief that he was totally disabled "concretized" into a mental fixation preventing him from working. R. 251.

In October, 1968, Dr. James A. Raines reported that psychiatric treatment was indicated. He believed Mr. Collins had reacted to his 1964 injury with an "acute anxiety" in the nature of "traumatic neurosis" and that he was incapable of working. R. 222–233. As to the psychiatric aspect of the claim, see also the reports by Dr. Bob R. Maughon in 1970 and 1973 (R. 301–303) and by Dr. H. W. Long. R. 217.

What counsel wants to do is isolate "traumatic neurosis" from the evidentiary spectrum of the case and treat the conclusions and impressions of certain psychiatrists as determinative of the outcome of the case. It is not that simple.

Dr. R. E. Felder, a psychiatrist who saw Mr. Collins in October, 1968, found no "severe psychiatric illness." R. 224. After reviewing the medical reports subsequent to that time Dr. Felder concluded that claimant was not "psychiatrically disabled" as of December 3, 1972. R. 306–307. Dr. H. C. Atkinson is a Board-certified internist in Macon. He examined the claimant in 1968. While he noted from the file an element of "emotional instability," Dr. Atkinson found no loss of contact with reality; no obvious depression, phobia or delusion. He stated that the subject's general physical condition was excellent. R. 215–216.

The Administrative Law Judge did *not*, as claimed, overlook or ignore the matter of psychiatric disability. In the 1975 decision he stated (R. 17):

"It reasonably appears that the claimant's symptoms are amplified by an emotional component as indicated by psychiatric evaluations in October 1968, January 1969 and July 1970. However, the psychiatrists did not describe any symptoms consistent with a severe and incapacitating emotional impairment. On the contrary, the claimant was oriented in all spheres with no evidence of delusional or hallucinatory phenomena. There was no evidence of any thought disorder or gross disturbances in his mental status."

This Court finds it unnecessary to pass on whether the second application for benefits is barred by the doctrine of *res judicata*. In fact, it does not appear that the Administrative Law Judge ruled on the question of whether the claim was barred under traditional concepts of the principle of former adjudication. He found that it was barred by the finality provisions of the Social Security Act and Regulations pursuant thereto. See R. 120–121.

## VI

The transcript and the decision by the Examiner in the 1969 case was placed in evidence at the hearing on the second application. It was considered by the Administrative Law Judge in determining existence of disability as of December 31, 1972, which was the date that Collins last met the earnings requirement. He also seems to have considered whether the prior 1969 decision should be reopened in connection with the 1973 application. The relief prayed for in the complaint is the review, reversal and the setting aside of the 1975 decision. *Cf. Urgolites v. Finch,* 316 F.Supp. 1168 (W.D., Pa.).

█ A determination by the Appeals Council can be reopened as a matter of right within twelve months after the original determination. 20 C.F.R. § 404.957(a). I take it that this right is not unlimited. To reopen and reconsider is a matter of discretion.

■ After one year but within four years of the determination, the decision can be reopened upon a finding of "good cause." That term includes the furnishing of new and material evidence or the existence of an error "on the face of the evidence on which such determination or decision is based." 20 C.F.R. §§ 404.957(b); 404.958(a), (c). A decision against the applicant may be reopened *at any time* after four years from the initial determination in order to correct "error on the face of the evidence on which such determination or decision was based." 20 C.F.R. § 404.957(c)(8). To reopen and reconsider a decision after four years, the error must be "manifest on the face of the record . . . that the agency was clearly wrong." *Ortego v. Weinberger,* 516 F.2d 1005, 1017 (5th Cir.). To the extent that plaintiff is endeavoring to reopen the 1969 ruling that standard applies.

■ In determining the matter of reopening the two decisions, the Administrative Law Judge relied on the Social Security Regulations covering the finality of determinations. He made no express finding as to the basis of his denial. Counsel complains of the inadequacy of the findings and conclusions in that and other respects.[3] An underlying basis for the ruling is implicit in the conclusion that the request to reopen and vacate the decision was time-barred. An ultimate finding of fact includes subordinate issues. It is unnecessary to make specific findings as to all the facts. *Ramirez v. Secretary of Health, Education and Welfare,* 550 F.2d 1286 (1st Cir.); *Bowling Green-Warren County Airport Board v. Civil Aeronautics Board,* 479 F.2d 553 (6th Cir.).

**3.** Plaintiff also contends that defendant has waived the defense. Failure to assert the appropriate defense of *res judicata* in an answer to a complaint seeking review of a determination by the Secretary does not constitute a waiver by the Government. *Schall v. Gardner,* 308 F.Supp. 1125 (D., S.D.) cited in the annotation "Social Security—Res Judicata" 14 A.L.R. Fed. 776, 793.

**4.** In *Mullins v. Cohen, supra,* the district court ruled that the denial of a request to reopen is subject to judicial review under the Administrative Procedure Act (5 U.S.C. §§ 703–706) on the matter of abuse of discretion by the agency.

It has been held that the question of whether or not the Secretary chooses to rely on *res judicata* is "a matter largely confined to his discretion." *Mullins v. Cohen,* 296 F.Supp. 260 (W.D., Va.); *Cappadora v. Celebrezze,* 356 F.2d 1, 5 (2nd Cir.).[4]

## VII

(A) I return now to the question of whether the record contains substantial evidence supporting the finding of the Administrative Law Judge and the appeals Council that the claimant has not established an impairment of such severity as to keep him from pursuing some form of substantial gainful activity.

■ As I observed earlier, it is somewhat difficult to follow the direction given to the case at the 1975 hearing. Apparently the Administrative Law Judge considered the 1973 application for benefits independently of the 1969 decision but with the record in the latter supplementing the evidence presented by claimant at the time of the second hearing. He found that Collins had not carried the burden of showing that his impairments were of such severity as to prevent him from pursuing some type of gainful activity. The finding was apparently confined to the matter of disability as of December 31, 1972. There was no *de novo* reconsideration of the findings against Mr. Collins as to disability in 1967. Any challenge to their correctness is barred by the Regulations.

■ (B) The question of existence of disability as of December 31, 1972, was one

See also *Ortego v. Weinberger, supra,* 516 F.2d 1064; *Cappadora v. Celebrezze, supra,* 356 F.2d 1; *Sanders v. Weinberger,* 356 F.2d 1 (2nd Cir.). Certiorari was granted in the latter case and the ruling by the Seventh Circuit has been reversed by the Supreme Court. See *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192. The Court held that the APA does not authorize judicial review of the Secretary's decision not to reopen a decision. But this is beside the point since the Social Security Regulations provide for the reopening of prior decisions and set forth the limitations as to such relief. 20 C.F.R. § 404.958(a)(c).

of fact and the determination that Collins was not under disability at that time is supported by substantial evidence in the record viewed in the whole. The Secretary is not bound by the conclusions of physicians as to whether a claimant is, or is not, disabled. *Lewis v. Weinberger, supra,* 515 F.2d 587 n.2. The Secretary does not have to accept the opinion of the applicant's own physician that his patient is totally disabled without weighing it with other evidence, medical and vocational. *Urgolites v. Finch, supra,* 316 F.Supp. 1168; *Trotsky v. Richardson,* 323 F.Supp. 1119 (E.D., Pa.); *Laffoon v. Califano, supra,* 558 F.2d at 254. A claimant's self-serving statements pertaining to his claim do not have to be accepted. *French v. Richardson,* 324 F.Supp. 1152 (W.D., Va.); *Snyder v. Ribicoff,* 307 F.2d 518 (4th Cir.). Statements of the applicant alone are not sufficient to establish existence of a physical or mental impairment. 20 C.F.R. § 404.1501(c).

The role of a court in reviewing the Secretary's findings in disability claims is "extremely narrow." *Lewis v. Weinberger, supra,* 515 F.2d 586. Its duty is discharged when it determines from the record whether there is such evidence as a reasonable mind might accept as adequate to support the Secretary's conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842. The consolidated record of the two claims supports the Secretary's finding that plaintiff's impairments are not so severe as to prevent him from engaging in gainful activity and that opportunities for such work are available to him in the economic area.

(C) Further, the determination that an attack on the 1969 decision and its findings is barred and the Appeals Council correctly held that it is not subject to reopening. No error appears on the face of the evidence on which that decision was based as required by 20 C.F.R. § 404.-957(c)(8). I hardly think that the finality Regulations require reassessment by the Secretary of a record to determine whether there is error on the face thereof because the weight of the evidence might preponderate in the opposite direction.

(D) Plaintiff's counsel attacks the Secretary's findings both frontally and in flank. He finds numerous flaws in the second decision both in that and other respects. The main point of assault has become the claim that the Administrative Law Judge ignored the evidence as to disability caused by Mr. Collins' anxiety neurosis—the ineradicable conviction he seems to harbor that he is totally disabled and therefore cannot work.[5] Counsel complains of the lack of adequate findings as to that phase of the case as well as others.

In support of the traumatic neurosis theory counsel cites the Regulation dealing with disabling mental impairments. See 20 C.F.R. § 404, Subpart P, App., ¶¶ 12.03, 12.04. Listed among them is: "B. Recurrent and persistent periods of anxiety, with tension, apprehension, and interference with concentration and memory." The various categories of impairments among which this is included is, however, prefaced by the following: "Functional psychotic disorders (mood disorders . . . )" as "manifested by marked restrictions of daily activities and constriction of interests and seriously impaired ability to relate to other people." 20 C.F.R. § 404, ¶ 12.03.

I do not mean to say that anxiety neurosis or so-called "traumatic neurosis" cannot be the basis of disability under the Act. It can be. *Ennis v. Califano,* 427 F.Supp. 260, 263 (E.D., Mo.). But here the fact finder, the ALJ and Appeals Council, found against these contentions and were authorized to do so under the evidence.

---

5. The psychiatric reports of physicians who supported that theory were not ignored by the Administrative Law Judge. In his June, 1975 decision he found: "[T]he psychiatrists did not describe any symptoms consistent with a severe and incapacitating emotional impairment.

On the contrary, the claimant was oriented in all spheres with no evidence of delusional or hallucinatory phenomena. There was no evidence of any thought disorder or gross disturbance in his mental status." R. 17.

Pain may also constitute disability in and of itself and this is true even where its existence is not supported by medical or clinical evidence. *Weinberger*, 505 F.2d 943, 945 (5th Cir.). The findings of the Secretary encompass any such contention.

(E) The complaint for review was filed in this Court on November 7, 1973, less than sixty days after the notice of the negative action by the Secretary on plaintiff's request for review of the decision not to reconsider. The case therefore does not fall within the terms of 20 C.F.R. § 404.957 and its standard of reopening for "good cause." Even were such the applicable criterion, this Court finds no abuse of discretion in denying a reopening either on the basis of the furnishing of "new and material evidence" or error on the face of the evidence upon which the decision was based. § 404.-958(a), (c).

### ORDER

The findings and decisions of the Appeals Council in this case will not be disturbed. Plaintiff's motion for summary judgment is denied. That of the defendant is granted. Judgment in favor of the Secretary will be entered accordingly.