Eugene SUMMERS

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services.

Civ. A. No. 80–0512.

United States District Court, E. D. Pennsylvania.

March 24, 1981.

Harvey L. Anderson, Philadelphia, Pa., for plaintiff.

Rachel Shao, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

---

## MEMORANDUM

GILES, District Judge.

This action is before the court on appeal from a final adverse decision rendered December 7, 1979 by the Secretary of Health Education and Welfare. Denied were plaintiff's claims for disability insurance benefits and supplemental security income ("SSI") benefits under Title II and XVI of the Social Security Act, as amended, ("the Act") 42 U.S.C. § 416(i), 423, and 1381a. Claimant filed application for disability insurance benefits on November 9, 1977, and supplemental benefits on January 8, 1978. He alleged that his disability commenced June 1, 1976 due to a back and neck injury stemming from an automobile accident. These claims were initially denied on the basis that plaintiff retained the functional ability to do light work. Tr. 64–65, 71. He again filed application for benefits on May 22, 1978 alleging that as of February 14, 1978 he had become disabled due to osteoarthritis of the cervical and lumbar spine. These claims were also denied on the grounds that plaintiff could do sedentary work. Tr. 79–80.

A hearing was held before an Administrative Law Judge ("ALJ") who rendered a decision on September 28, 1979. The ALJ found that based upon medical data plaintiff was not suffering from any physical impairment which could be considered so severe as to be disabling. Tr. 16–18. The Appeals Council ("Council") affirmed the ALJ finding that plaintiff's impairments were mild and not of 12 months duration. It noted that the medical reports evidenced some functional overlay in addition to the musculoskeletal complaints. The Council concluded, however, that there was no evidence of any psychiatric impairment which would impose significant limitations. Tr. 5. The Appeals Council's decision of December 7, 1979 became the Secretary's final decision. For the reasons that follow, we remand.

### I.

A claimant satisfies his initial burden of proving entitlement to disability benefits by having his treating physician substantiate his subjective claims. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).[1] The ALJ is not bound to accept the conclusion of claimant's physician without weighing it against other relevant evidence. *Urgolites v. Finch*, 316 F.Supp. 1168 (W.D.Pa.1970). An ALJ must resolve contradictory medical evidence and give reasons for accepting or rejecting such evidence. *Cotter v. Harris*, 642 F.2d 700, at 704–707 (3d Cir. 1981). If no contradictory evidence exists, the ALJ is bound by the expert opinions of claimant's treating physician regarding the existence of the disability. *Rossi v. Califano*, 602 F.2d at 57–58; *Eiden v. Secretary of H.E.W.*, 616 F.2d 63,

---

1. The Social Security Act provides in pertinent part:

> (d)(1) The term "disability" means—
> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

> (3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423 (1974).

64 (2d Cir. 1980); *McLaughlin v. Secretary of H.E.W.*, 612 F.2d 701, 705 (2d Cir. 1980).

 The Secretary then must come forward with evidence showing that given claimant's age, education, and work experience, claimant can perform specific jobs in the national economy.[2] If no finding exists regarding alternative employment, a denial of disability benefits can be upheld only if there is medical evidence of record that claimant's impairment did not prevent him from engaging in his former employment. *Rossi, supra,* at 57. The Third Circuit has mandated that leniency be shown in establishing claimant's disability, and that the Secretary's responsibility to rebut it be strictly construed. *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1980). *Accord, Smith v. Harris,* 644 F.2d 985, at 989 (3d Cir. 1981). The court has stated that although the burden is upon claimant to prove his disability, "due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails. *Id.* (citations omitted).

 Plaintiff's physicians substantiated his subjective complaints; therefore, plaintiff met his burden of proving that he could not do his previous work as laborer or meat hanger at an Oscar Meyer meat processing plant. *Livingston, supra; Rossi, supra. And see* Tr. 128–29, 131–33, 138, 142. Several examining physicians encouraged him to try some work activity; however, all agreed that he could not or should not resume heavy lifting and bending. They reasoned that any job assignment undertaken should be tailored to his symptomatology.[3] Tr. 126, 128–129, 137, 140. It is not disputed, however, that every job plaintiff ever held at Oscar Meyer involved lifting weights of 40 pounds or more, bending and a cold, damp working environment. Further, following Dr. Steinberg's advice, plaintiff returned to work, tried to work, but could not tolerate the pain in his neck and back. He had to quit after only two days. Tr. 126, 129.[4] There is no evidence that there was any light work at Oscar Meyer that plaintiff could have done. All examining physicians agree that he could not as of the date of their examinations perform the heavy work which would have been required. The physicians also discovered that claimant suffered from a significant mental depression which was possibly interfering with his recovery to maximum

---

2. 42 U.S.C. § 423(d)(2)(A) provides:

(A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The Vocational Rules implementing the Social Security Act, 20 C.F.R. § 416, Subpart I, Appendix 2 (1979), analyze the four factors of age, education, work experience and physical capacity. Regarding specific jobs in the national economy, the ALJ failed to cite any evidence demonstrating that such jobs exist. The ALJ made no analysis under Appendix 2. The ALJ did hold that plaintiff had no physical or mental impairment so severe as to be deemed a disability within the meaning of the Act. Tr. 16.

3. For example, Dr. M. Evans Brown of the Magee Rehabilitation Center treated claimant, on a regular basis, for complaints of pain and concluded that claimant could do light work but could not return to his former occupation as meat packer. Tr. 132. Similarly, Dr. Marvin Steinberg, an orthopedic surgeon, examined claimant on several occasions regarding the complaints of pain, Tr. 126–129, and concluded that claimant might be able to do light work and later, perhaps, attempt more strenuous lifting and bending. Dr. Kleinhoffer, another orthopedic specialist suggested that claimant attempt resumption of graduated physical activities. Tr. 140. See also the medical report of Dr. Ginsberg (claimant unable to do heavy lifting or sitting for long time periods and unable to work an eight hour day consistently). Tr. 142.

4. Another example of plaintiff's initiative in attempting to return to work was his lifting, on his own, experimentally, 10 lb. weights in each hand. However, several hours after the lifting exercises, he suffered severe pain in the cervical area radiating to his shoulder. Tr. 131.

physical strength. Tr. 15, 132, 134, 137, 140.[5]

Under any measure, plaintiff has shown that he had a physical impairment which was so severe as to keep him from returning to his normal job duties.

The ALJ erred in holding that claimant's complaints were so mild as not to be disabling. Accordingly, we remand for the ALJ to determine whether the Secretary has met its burden of showing that there exist specific jobs in the national economy which claimant can perform. Unless the Secretary meets that burden, claimant shall be entitled to disability benefits. *Rossi, supra,* at 57.

## II.

■■■ There are at least two further reasons for remand. First, the ALJ failed to give the reasons supporting his finding that claimant's pain was mild and not disabling. The Third Circuit has held that pain may be disabling and that subjective complaints of pain must be given serious consideration even when such complaints are not supported by objective evidence. *Smith v. Califano,* 637 F.2d 968, at 972 (3d Cir. 1981); *see also Cancel v. Harris,* 512 F.Supp. 69 at 74–75 (E.D.Pa. 1981). The ALJ's rejection of claimant's complaints of pain without giving reasons makes it impossible for the court to ascertain whether the ALJ gave the complaints serious consideration and carefully evaluated all the relevant evidence regarding pain. An ALJ's findings:

"should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence."

*Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), cited with approval in *Cotter v. Harris,* 642 F.2d 700, at 704 (3d Cir. 1981).[6]

■■■ Secondly, several doctors stated that claimant suffered from a significant functional overlay (mental depression) which affected his return to work. See reports of Dr. Kleinhoffer, Tr. 140, and Dr. Mawel, Tr. 15, 137. The record shows that claimant agreed to psychological evaluation and therapy; and that at least one of his doctors prescribed anti-depressant drugs and Tylenol to alleviate his depression. Tr. 134, 137. The ALJ totally failed to consider whether claimant's significant functional overlay may have constituted the kind of "mental impairment" required for disability under 42 U.S.C. § 416(i)(1).[7] See Tr. 140.

Accordingly, this case, for the reasons stated above, is remanded to the Secretary for prompt proceedings consistent with this opinion.

5. Claimant's physicians seem to uniformly agree that claimant's inability to work caused or contributed to his mental depression.

6. In this case, the physicians who examined claimant all noted that he complained of severe pain, and some physicians thought the pain was disabling. See the reports of Dr. Brown, Tr. 132, and Dr. Ginsburg, Tr. 141–142. And see Dr. Snyder's report, Tr. 138. However, other physicians could not give a rational explanation for the pain. See, for example, the report of Dr. Kleinhoffer. Tr. 140. Given the conflict in the medical evidence the ALJ had to make a decision and support that decision with reasons. *Cotter v. Harris, supra,* at 705.

The ALJ is not expected to give a medical or scientific analysis far beyond the capability of a non-scientist. *Id.* However, the ALJ must analyze all the evidence and sufficiently explain

the weight he gives to probative exhibits and documents; otherwise, "to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* at 705.

7. The decision of the Appeal Council misstated conclusions of the physicians' reports. The Council stated that the physicians found "some functional overlay." Tr. 5. On the contrary, Dr. Kleinhoffer found *significant* functional overlay. Tr. 140. Nothing in the record indicates that the Secretary carefully analyzed the evidence regarding plaintiff's mental depression or sufficiently explained its reason for *not* finding a mental impairment constituting disability. *See Cotter v. Harris, supra,* at 706.